### COWEN v. COWEN et al. (No. 7284.)

(Court of Civil Appeals of Texas. . San Antonio. Feb. 4, 1925.)

Venue ⟜16½—Application for partition held mere cover to obtain venue.

Where facts show that main purpose of suit was to recover land from defendant residing in another county, wherein land was situated, and that application for partition was mere cover to obtain venue in county of friendly codefendants' residences, the suit falls under Rev. St. art. 1830, subd. 14, and should have been instituted where land was situated.

Error from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by A. B. Cowen against Fred N. Cowen, Andres Cueto, and others. Judgment granting change of venue to county of defendant Cueto's residence, and plaintiff brings error. Affirmed.

Watson & Chapin and Chambers & Johnson, all of San Antonio, for plaintiff in error.

Graham, Jones, Williams & Ransome, of Brownsville, for defendants in error.

FLY, C. J. This suit was instituted by plaintiff in error against Fred N. Cowen, of Bexar county, and Rafael Cowen and Lucille Cowen, and Andres Cueto, of Cameron county, ostensibly to partition a certain tract of land in Cameron county. Fred N. Cowen

and Rafael Cowen and his wife, Lucille, graciously conceded all the facts alleged in the petition and prayed for a partition as set out therein. In the petition plaintiff in error claimed one-half the land and stated that Fred N. Cowen and Rafael Cowen and wife owned the other moiety in equal shares, but alleged:

"That the defendant Andres Cueto is claiming some right, title, and interest in said land and premises and is made a party hereto for the purpose of ascertaining what interest, if any, the said Andres Cueto owns in said land and premises, and that should the court hold he is therein that same be partitioned as required by law."

Cueto answered claiming his privilege to be sued in Cameron county, and upon a hearing the trial judge granted a change of venue to the county named.

In the answer of Andres Cueto it is set out:

"He alleges that this suit is one for the recovery of land and one to remove incumbrances upon land and one to quiet the title to land situated in Cameron county, Tex., as contemplated by subdivision 14 of article 1830, of Vernon's Sayles' Texas Civil Statutes of 1914, and that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 or in article 2308 of the Revised Statutes exist in this cause.

"He further alleges that the plaintiff in this case is a brother to the defendants Fred Cowen and Raphael Cowen, and a brother-in-law to the defendant Lucile T. Cowen, and that he is in no way related to the defendant Andres Cueto, nor is either of the other defendants in this case in any way related to Andres Cueto, either by blood or by marriage. That the plaintiff and the defendants Fred Cowen and Raphael Cowen entered into a conspiracy for the fraudulent purpose of fixing venue of this case in Bexar county, Tex., and in pursuance of such conspiracy the defendant Raphael Cowen, joined by his wife and codefendant, Lucile T. Cowen, made and executed to Fred N. Cowen a warranty deed purporting to convey an undivided one-fourth interest in the lands in controversy in this case to the said Fred N. Cowen for a recited consideration of $50, said deed having been dated at San Antonio, Tex., on December 1, 1923, and acknowledged by the defendant Raphael Cowen in San Antonio, Tex. on December 1, 1923, before Jas. Weil, a notary public in and for Bexar county, and acknowledged by the defendant Lucile T. Cowen on December 3, 1923, before Arturo Blanco, a notary public in and for Cameron county, Tex., said deed having been filed for record with the county clerk of Cameron county, Tex., at 2:55 o'clock p. m. December 3, 1923, and duly recorded at 1 o'clock p. m. December 13, 1923."

This suit was filed on December 5, 1923, just four days after the date of the deed, and two days after it was acknowledged in Brownsville.

We adopt the findings of fact of the trial judge, omitting unnecessary verbiages:

"The plaintiff, A. B. Cowen, acquired a conveyance by deed of date September 24, 1897, to himself, which was placed of record in the deed records of Cameron county, Tex., ·on September 25, 1897, to an undivided one-half interest in the lands involved in this suit.

"The defendant Raphael C. Cowen acquired a conveyance by deed of date August 18, 1923, to himself, which was placed of record in the deed records of Cameron county, Tex., on September 17, 1923, to an undivided one-half interest in the lands involved in this suit.

"The defendant F. N. Cowen acquired a conveyance by deed of date December 1, 1923, to himself from Raphael C. Cowen and wife, Lucile T. Cowen; said deed was acknowledged on December 1, 1923, by Raphael C. Cowen in Bexar county, Tex., and was acknowledged by Lucile T. Cowen in Cameron county, Tex., on December 3, 1923, and Raphael C. Cowen filed said deed for record with the county clerk of Cameron county, Tex., on December 3, 1923.

"Neither the plaintiff, A. B. Cowen, or either of the defendants Raphael C. Cowen or his wife, or F. N. Cowen, have ever been in possession of any part of the lands in controversy, under their said deeds of conveyance; and if those under whom they claim at any time were in possession of said lands or any part thereof, it was on a date prior to January 1,· 1908.

"The defendant Andres Cueto acquired a conveyance by deed of date January 30, 1908, to himself, which was placed of record February 1, 1908, in the deed records of Cameron county, Tex., as well as another conveyance of date May 21, 1908, to himself, which was placed of record in the deed records of Cameron county, Tex., on May 21, 1908, and each of said deeds conveyed to the defendant Andres Cueto of the lands involved in this suit; and the defendant Andres Cueto has continuously since January 30, 1908, been in possession of all of said lands, using, enjoying, and cultivating the same and claiming to be the owner thereof.

"Since long before the filing of this suit, and continuously .since to this ·date, the plaintiff, A. B. Cowen, and the defendant F. N. Cowen have been residents of Bexar county, Tex., and the defendant Raphael C. Cowen and his .wife, Lucile T. Cowen, and the defendant Andres, Cueto have during the same period of time, continuously, been resident citizens of Cameron county, Tex.; and all the lands involved in this suit are, and have been for many years past, located in Cameron county, Tex.·

"Some time in the month of November, 1923, A. B. Cowen, plaintiff herein, he then being in San Antonio, Tex., talked over long-distance telephone to the 'son of Andres Cueto about Cueto acquiring the interest claimed by the Cowens in the lands involved in this suit, and in said conversation A. B. Cowen was informed that Andres Cueto would not purchase such interest and denied that the Cowens owned any interest in the lands; and at the time this conversation over the long-distance telephone took place Raphael C. Cowen was also in San Antonio, Tex., and while there agreed to sell· to his brother, F. N. Cowen, an undivided one-half interest in the undivided one-half interest he (Raphael C. Cowen), was asserting in the lands involved in this suit, for the sum of $50,

and F. N. Cowen then and there agreed to buy the same at said price; and at the same time Raphael C. Cowen employed F. N. Cowen as the' attorney of Raphael C. Cowen to recover the interest of Raphael C. Cowen in the lands involved in this suit; and the said Raphael C. Cowen was again in San Antonio on December 1, 1923, and while he was there on that occasion, his brother, A. B. Cowen, prepared a deed of conveyance wherein Raphael C. Cowen and his wife were to convey to F. N. Cowen an undivided one-half interest in the undivided one-half interest, being a one-fourth interest in the lands involved in this suit, and while there in. San Antonio, Tex., said Raphael C. Cowen signed and acknowledged said deed and then brought the same with him to Brownsville, Tex., in Cameron county, where the wife of Raphael C. Cowen signed and acknowledged the same on December 3, 1923, and said deed was forthwith on December 3, 1923, filed for record in the deed records of Cameron county, Tex., by said Raphael C. Cowen; and said A. B. Cowen, Raphael C. Cowen, and F. N. Cowen are brothers, and neither of them is related by blood or marriage to the defendant Andres Cueto."

.The facts show that the main, if not the only, purpose of the suit was to recover the land from Cueto, and the application for a partition was a mere cover to obtain venue. The suit falls under exception 14, art. 1830, Revised Statutes, and should have been instituted where the land is situated, which is in the same county where Cueto resides.

The judgment is affirmed.