### STEEN et al. v. MILLIGAN et al.
### No. 5119.

Court of Civil Appeals of Texas. Amarillo.

Feb. 19, 1940.

G. E. Lockhart, of Lubbock, and W. W. Price, of Brownfield, for appellants.

Vickers & Campbell, of Lubbock, for appellees.

FOLLEY, Justice.

This is an appeal from an order of the district court of Lamb county, Texas, sustaining defendants' plea of privilege and transferring plaintiffs' cause of action to the district court of DeWitt county, Texas, the county in which all the land herein involved is situated.

Johnie Belle Steen, joined by her husband, W. E. Steen, who reside in Terry county, Texas, filed this suit against the defendants, Barth Milligan, Blanche Milligan, a femme sole, Elma Key and her husband, Otto Key, Mary Fannett and her husband, J. D. Fannett, Claude Mae Kelly and her husband, S. D. Kelly, Wm. H. Milligan, Tom Milligan and Irvin Manuel. Barth Milligan was alleged to be a resident of Lamb county, Texas; Blanche Milligan, Mary Fannett, J. D. Fannett, Wm. H. Milligan and Tom Milligan, in DeWitt county, Texas; Claude Mae Kelly and S. D. Kelly, in Wilson county, Texas; and Elma Key and Otto Key, in Refugio county, Texas. It was admitted that at the time the suit was filed the defendant Barth Milligan was a resident of Lamb county. The defendants Barth Milligan, Claude Mae Kelly, Blanche Milligan, Mary Fannett and Wm. H. Milligan are the surviving children of J. B. Milligan and Mary E. Milligan, both deceased. The defendant Irvin Manuel is the surviving son of Mary E. Milligan by a former marriage and is therefore a half brother of the defendants just named. The plaintiff Johnie Belle Steen and the defendants Tom Milligan and Elma Key are the children of J. B. Milligan by a former marriage.

The plaintiffs alleged that both J. B. Milligan and Mary E. Milligan died intestate; that the land described in plaintiffs' petition was the community property of J. B. and Mary E. Milligan; that the plaintiff Johnie Belle Steen, and the defendants Tom Milligan and Elma Key, as the surviving children of J. B. Milligan, each owned an undivided 3/48 interest in three tracts of land in DeWitt county, Texas, the first tract containing 929 acres, the second tract 160 acres, and the third being an undivided 2/3 interest in a 50 acre tract; that the defendants Barth Milligan, Mary Fannett, Claude Mae Kelly, Blanche Milligan and Wm. H. Milligan each owned an undivided 7/48 interest; and that the defendant Irvin Manuel owned an undivided 5/48 interest in the land. The plaintiffs sought to have the land partitioned between the parties and asked for an accounting from Wm. H. Milligan who was alleged to have been in possession of the land since June 10, 1933, the date of the death of J. B. Milligan.

The defendants Barth Milligan, Blanche Milligan, Wm. H. Milligan, Claude Mae Kelly, joined by her husband, S. D. Kelly,

Mary Fannett, joined by her husband, J. D. Fannett, and Irvin Manuel, filed their plea of privilege in due form to be sued in DeWitt county, Texas. The plaintiffs controverted such plea in which affidavit they set out the same allegations as contained in their original petition and assert that since their suit was, in effect, a suit for partition, and since the residence of Barth Milligan was in Lamb county at the time the suit was filed, the venue of the cause was properly laid in Lamb county. In reply to such controverting affidavit the defendants asserted an adverse title to the land and alleged that the sole object and purpose of plaintiffs' suit was to recover an interest in the lands and not to partition the same.

There was testimony to the effect that the 50 acre tract described in plaintiffs' petition was not owned by any of the parties to the suit, J. B. Milligan and Mary E. Milligan having sold such land before their death. The record further shows that Mary E. Milligan purchased the 929 acres of land as her separate property under a deed in 1910 which recited it was "for her sole and separate use and benefit, * * *". The 160 acre tract was formerly owned by Wm. and Sarah Milligan, parents of J. B. Milligan. J. B. Milligan inherited from his parents an undivided ⅙ interest in this 160 acre tract. Thereafter he purchased other interests in the land so that before his death he owned an undivided ½ interest in the tract. Mary E. Milligan also purchased as her separate property the other undivided ½ interest in the land, which she owned at the time of her death.

Under the above circumstances the only real controversy between the parties is with reference to the 929 acres of land. The plaintiffs assert that such land was the community property of J. B. Milligan and Mary E. Milligan and that since Barth Milligan resided in Lamb county the venue of the suit by the heirs to partition the same was properly laid in Lamb county under subd. 13 of art. 1995, R.C.S. The defendants assert that, since the record shows the 929 acres was the separate property of Mary E. Milligan and as such passed to her children and not to the children of J. B. Milligan, this suit is one primarily to recover land, and that by virtue of subd. 14 of art. 1995 the venue of the suit must necessarily be in DeWitt county where the land is situated.

We think it is elementary that a suit of this nature must be brought in the county where the land or a portion thereof is situated. Under the record as presented the plaintiff shows no interest whatever in the 929 acres of land. The plaintiff could only inherit an interest in such land from her father and the testimony introduced shows he had no interest for her to inherit. The deed to Mary E. Milligan on its face shows such land was her separate property and as such it would pass to her children and not to the plaintiff and the other two children of J. B. Milligan by his former wife. Until this presumption in the deed to Mary E. Milligan is either impaired or destroyed there is nothing to partition between the plaintiffs and the defendants as far as the 929 acre tract of land is concerned and the suit is thus resolved into one, not for partition, but for the recovery of land. That such a suit must be instituted in the county where the land or a portion thereof is situated is so well settled we think such proposition does not merit further discussion. Elder v. Miller et al., Tex.Civ.App., 116 S.W.2d 1171; Cowen v. Cowen et al., Tex.Civ.App., 268 S.W. 973; Republic Ins. Co. v. Walters et al., Tex. Civ.App., 88 S.W.2d 726; Shell Petroleum Corporation et al. v. Grays et al., 122 Tex. 491, 62 S.W.2d 113.

The judgment is affirmed.