## CASE–POMEROY OIL CORP. v. PURE OIL CO. et al.

### No. 15311.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 18, 1952.

Rehearing Denied Feb. 15, 1952.

Garrett & Garrett, of Fort Worth, for appellant.

Vinson, Elkins & Weems, C. E. Bryson and Ben Rice III, all of Houston, Wynne & Wynne, of Wills Point, for appellee Pure Oil Co.

Robertson, Jackson, Payne, Lancaster & Walker, of Dallas, for appellees D. K. Caldwell and D. K. Caldwell Foundation.

CULVER, Justice.

This is an appeal from an order sustaining appellees' pleas of privilege, the trial court finding that the suit was one for the recovery of land or to quiet title thereto, and that the provisions of Exception 14, Article 1995, Vernon's Ann. Civ. St., apply. This case was consolidated with that of Terry G. Smith against the same parties defendant, involving identical facts.

A controversy had arisen among the royalty owners in two tracts of land on both of which The Pure Oil Company held the oil leases. In settlement of this controversy, in May, 1931, a contract was entered into by all the royalty owners, setting forth their respective interests, and granting to The Pure Oil Company the right to develop the two tracts as one. It provided in part, "we and each of us do hereby grant, bargain, sell and convey to the other

parties hereto such interest as may be necessary to effectuate this consolidation and give each and all of us an undivided royalty interest in the total combined acreage in proportion to the interest *now held by each of us.*" It is clearly indicated that at least one purpose of the contract was to direct The Pure Oil Company, the owner of the lease, in the nature of a division order, to whom and in what proportion the royalty proceeds should be paid. None of the parties to this litigation except The Pure Oil Company were parties to the contract, but were assignees of parties to contract.

It appears that the original royalty owner, through whom the appellant derives its title, limited the conveyance of her portion of the royalty to a term of twenty years. That term expired in 1949, at which time The Pure Oil Company refused to make any further royalty payments to the appellant, inasmuch as the Caldwells claimed to own the royalty interest, subject to the limited conveyance to appellant's predecessors in title.

Appellant asserts that its suit is brought to enforce the specific performance of the contract and maintains that the trial court erred in holding that it was for the recovery of land or to quiet the title to land. The petition alleges that "Plaintiff is a bona fide purchaser for value without notice of any defect in the title," that appellees, Caldwell and Caldwell Foundation, are asserting a claim adverse to that of plaintiff, and that by reason of such claim, The Pure Oil Company has withheld royalty payments due to appellant, and that they are necessary parties to this suit. Appellant takes the position that where venue depends on "the nature of the suit," as it does in this case, the same will be determined by an examination of plaintiffs' petition, and quotes to this effect from the Supreme Court case of Gilbert v. Gilbert, 145 Tex. 114, 195 S.W.2d 936, 939. In that case, however, Justice Sharp goes on to say, "mere allegations in the petition that the suit is one for partition is not sufficient to sustain venue under Subdivision 13 where it is made to appear in a plea of privilege that a question of title is involved. In such a case it has been held that the plaintiff must show affirmatively by proof that no title dispute is involved." Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223; Herrington v. McDonald, 141 Tex. 441, 174 S.W.2d 307; Goolsby v. Bond, 138 Tex. 485, 163 S.W.2d 830; Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.2d 113; Tide Water Oil Company v. Bond, 135 Tex. 334, 143 S.W.2d 751; Tide Water Oil Company v. Bean, 138 Tex. 479, 160 S.W.2d 235. The rule referred to by appellant is explained in Cox v. Palacios, Tex.Civ.App., 188 S.W.2d 688. It is not to say that the court is without power to examine the allegations of the petition and to determine the cause of action made out irrespective of the form. It means that in such cases the plaintiff does not need to offer proof on his claim.

■ In the case of Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441, relied upon by appellant, the suit was one brought to require the defendant to specifically perform a contract, the plaintiff alleging that defendant had agreed to enter into a contract with the royalty owners, and had failed and refused so to do. The law is settled in Texas that a suit on a contract to compel specific performance or to recover damages for the breach is not a suit for the recovery of land or damages thereto, and consequently is not within the exception requiring the suit to be brought in the county where the land is situated. Miller v. Rusk, 17 Tex. 170; Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327; Caven v. Hill, 83 Tex. 73, 18 S.W. 323.

The case stated by appellant is not one, however, for specific performance. The controversy here is one between appellant and Caldwell as to the ownership of the described royalty interest.

■■ It is the settled law in this state that a suit for recovery of a royalty interest is "land" for the purpose of fixing venue. Frost v. Standard Oil Company of Kansas, Tex.Civ.App., 107 S.W.2d 1037; Black v. Black, Tex.Civ.App., 82 S.W.2d 1073. Where the facts show that the main purpose of the suit is to recover land, even though it was brought in some other form, the suit must be brought in the county where the land is situated. Cowen v. Cowen, Tex.Civ.App., 268 S.W. 973.

Appellant insists that The Pure Oil Company agreed in the contract to recognize appellant as the unlimited owner of this royalty interest and to pay him proportionately so long as oil was produced. Appellant itself refutes this theory when it joins the Caldwells as necessary parties, alleging that they are claiming an adverse interest. If the Pure Oil Company had made such a guarantee and if the contract could so be construed, certainly there would be no need to implead the Caldwells. The allegations of the petition and the evidence show that in truth and in fact The Pure Oil Company was merely a stakeholder, claiming no interest in the royalty, and ready and willing to pay the same to the rightful owners thereof.

Appellant says further that the Court erred in permitting one of counsel for appellees Caldwell to testify as to the facts in the case of Kokernot v. Caldwell, Tex. Civ.App., 231 S.W.2d 528, because such were immaterial, appellant not being a party to that suit.

■ According to the testimony, the fact issues were the same as in the case under consideration, the only difference being that the Kokernot suit was brought in the nature of a trespass to try title action. We are of the opinion that, under the circumstances, this testimony was admissible to explain "the nature" of appellant's cause of action, and certainly was not harmful though probably superfluous, as the "nature of the case" is clearly shown without reference to the Kokernot case.

In our opinion, the trial court correctly held that the dominant purpose of this suit was to establish a disputed title to this royalty interest and to remove the cloud cast by the adverse Caldwell claim. The case falls within the purview of Exception 14, Article 1995, Vernon's Ann.Civ.St. Budde v. Navarro Oil Company, Tex.Civ. App., 125 S.W.2d 1055; Elder v. Miller, Tex.Civ.App., 116 S.W.2d 1171; Robinson v. O'Keefe, Tex.Civ.App., 107 S.W.2d 419.

The order sustaining the plea of privilege is affirmed.

Affirmed.