**Ruth S. WIDENER, Appellant,**

v.

**TWIN MONTANA, INC., Brazos Fuel Co., Inc., The Permian Corp., Teal Petroleum Co., and Frank G. Holman, Appellees.**

**No. 18215.**

Court of Civil Appeals of Texas, Fort Worth.

March 20, 1980.

Rehearing Denied April 24, 1980.

Coke & Coke, Robert M. Roller, Denise A. Bretting, Robert E. Mangum, Jr., and Thomas C. McGraw, Dallas, for appellant.

Jennings, Montgomery, Dies & Turner, and Elton M. Montgomery, Graham, for Twin Montana, Inc.

Wash, Hodges & Segrest, and Philip R. Segrest, Waco, for Brazos Fuel Co., Inc.

Gibson, Darden & Hotchkiss, and Robert K. Roach, Wichita Falls, for The Permian Corp.

Woodruff, Fostel & Wren, and John H. Fostel, Decatur, for Teal Petroleum Co. and Frank G. Holman.

## OPINION

SPURLOCK, Justice.

This is an appeal from an order sustaining the pleas of privilege of five defendants in a suit brought to remove a cloud from title and for an accounting. These defendants contend plaintiff could not have her petition serve as a basis for determining venue rights under Tex.Rev.Civ.Stat.Ann. art. 1995, Sec. 14 (1964) (Lands), because the allegations contained therein were not made in good faith.

We affirm.

Ruth S. Widener sued Twin Montana, Inc. ("Montana"), Brazos Fuel Company, Inc. ("Brazos"), The Permian Corporation

("Permian"), Southwestern Gas Pipeline, Inc. ("Southwestern"), Teal Petroleum Company ("Teal"), North Cen-Tex Gas Co. ("Cen-Tex"), and Frank G. Holman ("Holman"), alleging plaintiff owns a ⅟₃₂ of ⅞ths overriding royalty interest in an oil and gas lease in land in Wise County, Texas, the county in which suit was filed. She alleged the lessee, Nortex Oil & Gas Corporation, from whom she was conveyed the ⅟₃₂ of ⅞ths overriding royalty executed and filed of record *a release of the lease under which she holds her interest.* She alleges the following:

> "Heretofore, R. W. Widener was conveyed ⅟₃₂ of ⅞ths overriding royalty interest in certain minerals located in Wise County, Texas. A true and correct copy of the document creating such interest is attached hereto as Exhibit 'A.' (An assignment of overriding royalty from Nortex Oil & Gas Corp. to R. W. Widener, dated December 16, 1954.) Plaintiff Ruth S. Widener obtained such overriding royalty interest from R. W. Widener upon the death of R. W. Widener.

> "   .   .   .

> "Thereafter, the acreage covered by the mineral leases, from which such royalty interest was conveyed, was placed in a unit.

> "   .   .   .

> "After such unit was formed, a purported release of such mineral leases was filed of record. However, such release was a sham, and in truth the mineral leases were transferred and assigned to a third party. Further, such release had no effect on the above described unit.

> "   .   .   .

> "Although minerals have been produced and sold from the acreage constituting the above described unit, the funds to which Plaintiff is entitled by virtue of her royalty interest have not been paid.

> "   .   .   .

> "Permian, Brazos, Cen-Tex and Southwestern have purchased minerals produced from the above described unit and acreage but have failed to pay Plaintiff that to which she is entitled.

> "   .   .   .

> "Holman, Teal, Southwestern and Montana are claiming an interest in and to the overriding royalty owned by Plaintiff, although they have no such interest."

Ms. Widener seeks an accounting from Permian, Brazos, Cen-Tex and Southwestern for royalty allegedly owed, and as to each of them and Holman she seeks a judgment removing cloud from title to the royalty.

In answer to the pleas of privilege filed by these five named defendants, plaintiff filed controverting pleas claiming venue in the county where suit was filed under the exception contained in Tex.Rev.Civ.Stat. Ann. art. 1995, Sec. 14 (Suit to remove cloud from title) and Sec. 29a (1964) (Two or more defendants, one of which resides in the county and the others are necessary parties).

These defendants filed supplemental pleas alleging in effect that plaintiff's reliance on Sec. 14 is not well founded and is an attempt to have her petition serve as a basis for determining the nature of her suit, and it is necessary to go beyond these allegations because her allegations could not have been made in good faith. The facts in connection therewith are:

1. Plaintiff has no valid claim to any portion of the oil and gas produced;

2. Plaintiff knew or should have known she has no such claim;

3. None of these defendants are claiming any interest in the overriding royalty she claims to own. These defendants pled their chain of title;

4. There was production under the Nortex Oil & Gas Corp. lease under which she held an interest, but the well was depleted, production ceased, and the lease terminated by reason thereof under the terms of that lease before December, 1972;

5. On account of the above, C & K Petroleum, Inc., the then operator of the leases acknowledged the termination of the Nortex leases and granted a release that was duly recorded.

David Oil Corporation then bought the salvageable equipment, and sold it to Montana;

6. Thereafter new oil and gas leases were acquired covering the land in controversy. Thereafter the new lessees commenced production operations and never produced or sold oil and gas from the Nortex lease;

7. At the time plaintiff filed this suit she knew, or by the exercise of reasonable diligence, should have known the truth of the above;

8. The release by C & K Petroleum, Inc., was not a "sham" but that plaintiff's allegations are a sham;

9. If there was any breach of duty owed to plaintiff it was by the conduct of some third party (C & K Petroleum, Inc., or Nortex).

■ Plaintiff asserts error of the court by points numbers 16 and 17 in permitting Montana, Teal and Holman to file supplemental pleas of privilege alleging the pleadings of plaintiff were not made in good faith. Teal filed its pleadings ten days after the hearing and Montana and Holman filed their pleadings the day of the hearing.

The record reveals that as the venue hearing began, plaintiff objected to the late filing of the pleas of privilege described above. Teal at that time requested the court to grant it leave to file a similar supplemental pleading as that filed by the other defendants. Plaintiff stated to the court that she was surprised. The court then offered to continue the hearing. Plaintiff insisted on proceeding with the hearing and thus waived the plea of surprise. Plaintiff stated to the court in connection with these motions that she was going to stand on the law that all she had to prove at this hearing was that her allegations were in the nature of a suit to remove the cloud from title and the land was situated in Wise County, Texas. Plaintiff offered no other testimony and the defendants proceeded with their testimony. Points of error nos. 16 and 17 are overruled.

By her points of error nos. 1 through 5 plaintiff claims error of the court in sustaining each of these pleas of privilege under Sec. 14 because venue was properly in Wise County. By points of error 10 through 14 error is claimed as to each of these defendants because there was no showing that plaintiff's allegations were made in bad faith.

The only evidence offered by plaintiff was a stipulation made by all parties that the land in question is in Wise County. Plaintiff then moved the court to take judicial notice of plaintiff's petition and her controverting pleas of privilege.

■ The defendants who filed pleas of privilege then proved up by competent evidence their allegations of bad faith summarized above. The various leases, old and new, and the release of the lease under which plaintiff was claiming a $\frac{1}{32}$ of $\frac{7}{8}$ths overriding royalty were admitted in evidence. The evidence showed that all instruments were on file in the county clerk's office of Wise County before this suit was filed. Thus, each was a public record and readily available for anyone to examine at all times here involved.

Regarding the release of the lease under which plaintiff claimed her interest, the evidence was uncontradicted that none of these defendants had any arrangement or agreement with anyone connected with the execution of the release or its recordation. There is ample evidence in the record to sustain the trial court's finding of bad faith pleadings.

■ Plaintiff relies upon Sec. 14 which provides that "[s]uits for the recovery of lands or damages thereto, . . . or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie." Plaintiff alleges that if her petition shows that the primary cause of action against the defendants falls within Sec. 14, she is only required to show by separate proof that the land in question is located in the county of suit. *Piazza v. Phillips*, 153 Tex. 115, 264 S.W.2d 428 (1954); *Case-Pom-*

*eroy Oil Corp. v. Pure Oil Co.*, 245 S.W.2d 763 (Tex.Civ.App.—Fort Worth 1952, no writ). She further contends that an action involving a royalty interest is an action for recovery of land under Sec. 14. *Texaco, Inc. v. Gideon*, 366 S.W.2d 628 (Tex.Civ.App.—Austin 1963, no writ); *Case-Pomeroy Oil Corp. v. Pure Oil Co., supra*, and that in order to meet the second requirement of Sec. 14, proof must be produced showing the land in question is located in the county of the suit. *Piazza v. Phillips, supra.* She therefore concludes that because the parties stipulated to the location of the land, she is entitled to maintain venue in Wise County.

■ We agree that the above is the law, except where bad faith is alleged and proved in connection with plaintiff's pleadings. 1 McDonald, Texas Civil Practice Sec. 4.51 through 4.55 (1965) correctly states the applicable rule of law. In Sec. 4.55—(IV) Issues on Hearing (a) the law applicable is stated as follows:

"If the defendant alleges and proves that the petition has been framed fraudulently so as to purport to bring an action of the nature involved, when no such action lies, the court will go behind the allegations as to the nature of the action."

The text writer cites as his authority for the above the case of *Batex Oil Company v. La Brisa Land and Cattle Co.*, 352 S.W.2d 769 (Tex.Civ.App.—San Antonio 1961, writ dism'd). In that case a similar situation existed in reverse. Plaintiff sought to cancel the lease because of the cessation of production in paying quantities. The court held that the evidence showed without dispute that the plaintiff, at the time if filed its controverting affidavit, had knowledge of the facts recited in the *Batex* opinion or had the means of knowledge thereof at hand. The court then held that the trial court erred in overruling the pleas of privilege and abused its discretion in finding that the plaintiff's allegations were made in good faith. The defendants supplemented their pleas of privilege and affirmatively alleged that plaintiff's allegations that there was no production of oil and gas in paying quantities from said lease, were

false and not made in good faith, but fraudulently made for the purpose of maintaining venue in the county of suit.

Ms. Widener relies upon the authority of *Texas Utilities Fuel Co. v. Clayton*, 579 S.W.2d 303, 305 (Tex.Civ.App.—Fort Worth 1979, no writ). In that case there were also pleas of allegations made in bad faith in connection with a venue hearing under Sec. 14. This court held:

"Presumption therefore obtaining that plaintiffs' allegations were made in good faith disappear and constitute matter to be proved by the plaintiffs once the defendants' evidence shows the existence of an issue of fact upon plaintiffs' good faith. *Thomas v. Ralph E. Fair, Inc.*, 556 S.W.2d 603, 607 (Tex.Civ.App.—Corpus Christi 1977, no writ). A case holding likewise, by implication, was *Batex Oil Company v. LaBrisa Land and Cattle Co.*, 352 S.W.2d 769 (Tex.Civ.App.—San Antonio 1961, writ dism'd)".

We still agree with this state of the law.

In *Clayton* we held that an issue of fact was raised by the evidence and was determined by the fact finger that the pleadings were not made in bad faith. That court further held:

"As we view the situation: It could only be where the evidence shows that a plaintiff whose material allegations are under attack, knew them to have been false, when made and/or at time of the venue hearing, that they could be held in bad faith as a matter of law; otherwise, and when that is not shown, there would be merely presented an issue of fact to be determined by the fact finger if the plaintiffs' evidence shows any good faith. . . . ." 579 S.W.2d at 309.

In our case, based upon the evidence, the trial court found that the pleadings were made in bad faith and sustained the pleas of privilege.

Points of error nos. 1 through 5 are overruled.

■ Plaintiff by points of error nos. 6 through 9 asserts error of the court in sustaining the pleas of Brazos, Permian, Teal

and Holman, because venue was proper in Wise County under Sec. 29a. Plaintiff contends that under Sec. 29a plaintiff must show (a) that venue is proper as to some defendants under one of the exceptions to the venue rule; and (b) that defendant urging his plea of privilege is a necessary party to the cause of action in which venue as to a co-defendant has already been established. She cites 1 McDonald, Texas Civil Practice Sec. 4.36 (1965) in support of her contention. Plaintiff contends that venue has been established as to non resident defendant Montana under Sec. 14 and because Brazos, Permian, Teal and Holman are necessary parties, then venue should be sustained in Wise County as to Brazos, Permian, Teal and Holman. However, because of the above, plaintiff has failed to establish venue in Wise County as to Montana, therefore we overrule this contention as to Brazos, Permian, Teal and Holman.

An additional reason for our decision is that Holman, Teal and Montana hold different segregated portions of the 200 acre tract here involved. They are not joint owners of the entire tract.

We have carefully considered each point of error and each is overruled.

Judgment affirmed.