TWIN MONTANA, INC., Appellant,

v.

BRAZOS FUEL COMPANY, INC., Appellee.

No. 18396.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 26, 1981.

Rehearing Denied March 26, 1981.

Jennings, Montgomery, Dies & Turner, and Elton M. Montgomery, Graham, for appellant.

Wash & Segrest and Philip R. Segrest, Waco, for appellee.

### OPINION ON MOTION FOR REHEARING

MASSEY, Chief Justice.

Our opinion on January 15, 1981 is ordered withdrawn, with the following substituted therefor.

We affirm the judgment of the trial court sustaining the plea of privilege of Brazos and transferring the suit of Twin Montana from Wise County, Texas, the county in which plaintiff believed its suit was properly maintained. Tex.Rev.Civ. Stat.Ann., art. 1995, "Venue", subd. 14, "Lands", (1964), which provides that suits for the recovery of lands, to quiet title to land, etc. must be brought in the county in which the land is located.

On rehearing the plaintiff, Twin Montana, has convinced us that the record does contain unrebutted proof that its suit had application to an interest in realty located in the county of suit. That proof is ordinarily the only proof necessary to be made in order to defeat a plea of privilege when the suit is shown to fall within subdivision 14 of the venue statute.

Because of that above stated disposition of the appeal is to be determined by point of error No. 4 of Twin Montana. By reference to the point, coupled with the statement and arguments made thereunder, is charged to have been so contrary to the greater weight and preponderance of the evidence as to be clearly erroneous the implied finding of the trial court that Twin Montana had failed to prove that the main purpose of the suit was to remove cloud upon its title to land or an interest therein and to quiet its title.

At the outset we will state that Twin Montana, by its theory of breach of contract on the part of Brazos Fuel, was privileged to declare upon either or both of two distinguishable causes of action. The first of these was for specific performance of the payment by Brazos of the consideration contracted—as accrued and to accrue up to time of trial. The second was for judgment for the recovery of land because of the breach by Brazos in the payments promised as consideration.

The relief for which Twin Montana prayed was that it "have judgment declaring such Gas Purchasing Agreement to be rescinded and cancelled and therefore removed as a cloud upon the title to the plaintiff's Inabett lease; and that the plaintiff have such other and further relief as herein alleged, including the recovery of its monetary losses, exemplary damages and costs of suit."

At all material times Twin Montana was in possession of the premises in question. Its pleadings did not describe the premises as by metes and bounds, etc. as there was no need for restoration under the circumstances, and, though by the contract all the gas reserves in place were committed and tied up during the term of the lease, there obviously had been nothing placed of record relative thereto. Yet, through its existence, we are of the opinion that it constituted a cloud on the title for the duration of the lease. See *U. S. Pipeline Corp. v. Kinder & Petty*, 609 S.W.2d 837 (Tex.Civ.App.—Fort Worth, 1980). Twin Montana plead its Gas Purchasing Agreement with Brazos, alleg-

ing the fact of the agreement upon consideration for the gas sold and delivered therefrom, and the breach with respect to said consideration in that amounts less that prescribed per unit had been delivered by Brazos. Further, it alleged "Such wanton and inexcusable failure and refusal on the part of the defendant to honor the terms and provisions of said Gas Purchasing Agreement results in a failure of consideration. Because of such failure of consideration and other legal grounds, the plaintiff has elected to cancel and rescind said Gas Purchasing Agreement. Accordingly, the plaintiff says that said Gas Purchasing Agreement is of no further force and effect, that a judicial declaration to such effect should be made on behalf of the plaintiff, that said contract constitutes a cloud upon the title to the plaintiff's oil and gas lease affected thereby, and that such contract should therefore be removed as a cloud upon the plaintiff's title to its Inabett lease."

> Thereafter Twin Montana's petition read: "Pleading further, and for additional and ancillary relief herein, the plaintiff demands an accounting from the defendant and the payment of all sums due it. . . . (In general showing deficiency in payments by item underpayment without any total alleged) . . . The plaintiff therefore seeks monetary recovery and judgment awarding it the sums due but not yet remitted by the defendant pursuant to the terms of said Gas Purchasing Agreement.
>
> "The plaintiff, by reason of the defendant's willful disregard and/or reckless indifference on the part of the defendant with respect to the rights held by the plaintiff in the premises, also seeks punitive or exemplary damages . . . . The plaintiff says that under the circumstances the defendant should be made to pay the sum of One Hundred Thousand Dollars ($100,000) as such exemplary damages."

February 4, 1980 Brazos Fuel filed request for admissions and also its original plea of privilege. February 6, 1980 Twin Montana filed its response and answers to the request of Brazos Fuel. February 25, 1980, probably upon the answers obtained, Brazos filed a supplemental plea of privilege in which it averred, under oath, as follows:

> "The allegations made by the Plaintiff regarding its alleged cause of action for cancellation . . . or not made in good faith, but merely in a fraudulent effort to maintain venue in Wise County, Texas. The true nature of the Plaintiff's cause of action and its real purpose in filing this suit is for the recovery of a higher price for the gas sold to Defendant under the contract. . . . "

As a defendant making similar response to a plaintiff's suit Twin Montana recently prevailed and had its plea of privilege sustained. *Widener v. Twin Montana, Inc.* 597 S.W.2d 50 (Tex.Civ.App.—Fort Worth 1980, no writ).

It is worthy of note that the damages sought by the Twin Montana suit were not those to be computed by the diminishment in value of its lease (less amounts paid and possible to be credited thereto), but the difference between that which was paid and that which should have been paid. There would have been no possible impairment of the suit as one ruled by subdivision 14 of the venue statute had it sought damages by diminishment of value of the lease. *O. P. Leonard v. W. H. Carter,* 389 S.W.2d 147 (Tex.Civ.App.—Fort Worth 1965 no writ), and authorities therein cited. The contrary is true where damages sought are not those to land as contemplated by subdivision 14. *Ashby v. Delhi Gas Pipe Line Corporation,* 500 S.W.2d 686, 691 (Tex.Civ. App.—San Antonio, 1973, writ dism'd).

It was by the answers of Twin Montana to the requests for admission, and by the interpretation thereof by the court, that the issue of fact upon "main purpose" of the suit of Twin Montana was raised.

Here the question involved is upon main purpose and basic objective of a plaintiff's suit rather than as one brought in good faith. In any event the situation would be the same. In either case the

existence of plaintiff's good faith and/or that the main purpose of his suit is as he represents which would become part of his (plaintiff's) burden to establish once evidence was introduced by the defendant indicating want of good faith pleading or of a "main purpose" different from that claimed. This means that by defendant's evidence, if sufficient to eliminate the presumptions existing, the burden of proof is cast upon the plaintiff to establish and obtain a finding by the court in accord, either of his good faith or of the "main purpose" of his suit, as the situation might be. In the instant case the question relates to "main purpose."

During the course of the trial the evidence of the Brazos Fuel followed introduction of evidence by plaintiff Twin Montana; in other words, Twin Montana did not wait until after such defendant's evidence had been introduced. Instead Twin Montana proceeded to introduce evidence bearing upon its good faith and upon "main purpose" of its cause of action at the same time it proved that always required of the plaintiff in cases under subdivision 14. We deem the fact unimportant. The evidence of Brazos raised the issue to be cast upon the defendant in the plea of privilege hearing and Twin Montana accepted and sought to discharge the burden of proof thereby incumbent. An issue was made; however, the trial court refused to find as Twin Montana desired.

By the point of error presented we have before us for purposes of test on appeal a situation whereupon a material issue there has been a failure and refusal to find that the plaintiff has discharged his burden of proof. On that failure or refusal to make the desired finding of fact the contention is that to have so failed and refused was so contrary to the greater weight and preponderance of the evidence that it would clearly be error.

In such a case it is indeed rare for the appellate court to reverse the judgment and award a new trial. The fact finder is never obliged to make the finding desired, though it might be contrary to the greater weight of the evidence to refuse to make it. The true question is: "Was it an abuse of discretion to refuse to make the finding desired?" Even if the answer to the question should have been found as desired by an appellant, yet it would be without the power of the appellate court to make it; the limit of the appellate power would be to remand the case to the trial court.

We see no necessity to go into the evidence. We hold that it was not an abuse of discretion by the trial court to refuse to make the finding desired by Twin Montana; that a negative finding by the trial court, to be implied, was not so contrary to the greater weight and preponderance of the evidence as to be clearly erroneous.

The judgment is affirmed.