## TALCO ASPHALT & REFINING CO. v. McCANN.

### No. 5791.

Court of Civil Appeals of Texas. Texarkana.

Jan. 30, 1941.

Malone, Lipscomb, White & Seay, of Dallas, Hiram Brown, of Mt. Pleasant, and Bromberg, Leftwich, Carrington & Gowan, of Dallas, for appellants.

Seb F. Caldwell and Cook & Russell, all of Mt. Pleasant, for appellee.

HALL, Justice.

This is an appeal from an order of the District Court of Titus County overruling a plea of privilege filed by Jack Frost, J. Harold Byrd, J. F. Lucey, and Ralph E. Fair. Appellee, McCann, brought suit against the Talco Asphalt & Refining Company, alleging it to be a partnership composed of Jack Frost, J. Harold Byrd, J. F. Lucey, and Ralph E. Fair, for damages to his land, brought about by the pollution of Tankersley Creek which runs through same. It was alleged that the pollution of said creek by the asphalt company rendered appellee's land unfit as a pasture for his cattle. It was also alleged that said pollution by the asphalt company constituted a penal offense, prohibited by the laws of this state, and that said act also constituted damages to land.

To this action appellants filed their plea of privilege to be sued in Dallas County, Texas, the county of their residence. In due time their plea of privilege was controverted by appellee, in which he alleged that venue was properly laid in Titus County under exceptions 9 and 14 of Article 1995, R.C.S., relating to trespass and damage to land, respectively. The plea of privilege was overruled by the trial court.

Article 1995, R.C.S., provides that:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"9. A suit based upon a crime, offense, or trespass may be brought in the county where said crime, offense, or trespass was committed. * * *

"14. Suits for the recovery of lands or damages thereto, * * * must be brought in the county in which the land, or a part thereof, may lie."

Appellee's controverting affidavit was based upon the two foregoing exceptions, and in order for him to maintain his suit in Titus County, it was incumbent on him to establish by legal testimony the existence of at least one of said exceptions. Compton v. Elliott 126 Tex. 232, 88 S.W.2d 91; Universal Credit Co. v. Dunklin, 129 Tex. 324, 105 S.W.2d 867. And it was also incumbent upon appellee to establish as a fact that appellants were legally responsible for the acts complained of. Conner v. Manning, Tex.Civ.App., 54 S.W.2d 249; Harrison v. Amador, Tex.Civ.App., 9 S.W. 2d 279, and cases there cited.

The statement of facts is short, comprising only seven pages, and while it contains sufficient proof of acts of the Tal-

co Asphalt & Refining Company in turning refuse matter into Tankersley Creek, no reference whatever is made to the appellants. There is no proof of any kind showing their connection with the Talco Asphalt & Refining Company. Only one witness testified, the son of appellee, and his testimony makes no reference whatsoever to any ownership, or claim of ownership, of the asphalt company by appellants.

Under this state of the record, it is our opinion that the plea of privilege should have been sustained. Therefore the judgment of the trial court is reversed, and remanded with instructions to transfer this cause of action to a district court of Dallas County, Texas.