**PHILLIPS et al. v. PIAZZA.**

No. 6702.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 24, 1953.

Rehearing Denied Oct. 22, 1953.

Russell & Perkins, Mt. Pleasant, Touchstone & Bernays, Dallas, for appellants.

Harold W. McCracken, Dallas, for appellee.

HALL, Chief Justice.

The agreed statement of the case follows:

This is a plea of privilege case. Suit was filed in the District Court of Wood County, Texas, by plaintiff, Vincent Piazza, against defendants O. A. Phillips, Jno. B. Stephens, Jr., American Liberty Oil Company and Andy Bowman, alleging, in substance, that plaintiff was the owner of 118 acres of land, more or less, situated in Wood County, Texas, and that defendants A. O. Phillips, Jno. B. Stephens, Jr., and American Liberty Oil Company jointly were engaged in the drilling and completion of an oil well on the Griffis oil lease, in Wood County, Texas, during the month of October, 1952; and that on or about October 2, 1952, the defendant Andy Bowman, who was alleged to be the servant, agent and employee of defendants A. O. Phillips, Jno. B. Stephens, Jr., and American Liberty Oil Company, while acting within the scope of his employment, set on fire a slush pit near such Griffis oil well and which fire allegedly caused trees near the well to become ignited, and that such fire spread to the wooded area adjacent to such well and that said fire continued to spread to the south for a distance of approximately two (2) miles when the prevailing wind changed from the northerly direction and began to blow from a south and southeasterly direction, which carried the fire on to the lands of plaintiff, Vincent Piazza. That as a result of said fire, the lands of plaintiff, Vincent Piazza, were burned over, burning the grass, timber, outhouses, fences, barn and a four-room dwelling located thereon, to plaintiff's damage in the total sum of $7,550. Defendants A. O. Phillips and American Liberty Oil Company each seasonably filed his and its plea of privilege to be sued in Dallas County, the county of his and its residence, and defendants Jno. B. Stephens, Jr., and Andy Bowman each seasonably filed his plea of privilege to be sued in

Titus County, the county of his residence, and each of said pleas were duly and seasonably controverted by plaintiff, Vincent Piazza, asserting venue to be in Wood County, Texas, as against each and all of said defendants under Exceptions 9 and 14 of Article 1995, Vernon's Annotated Civil Statutes. A hearing was had before the District Court of Wood County, Texas, on February 13, 1953, jointly on all pleas of privilege, and at which time the trial court entered its judgment and decree overruling each and all of said pleas of privilege.

Appellants bring forward one point: "The error of the trial court in overruling the plea of privilege of defendants (appellants) Jno. B. Stephens, Jr., A. O. Phillips and American Liberty Oil Company because the plaintiff (appellee) failed to prove by legal testimony as required by law the existence of either Exception 9 or 14 of Article 1995, R.C.S." The same point is brought forward by Andy Bowman. It is appellants' contention, this being a case for damage to land, that the appellee to sustain venue in Wood County against their pleas of privilege must prove a prima facie case of damages to the land. Appellee, on the contrary, contends that it is only necessary for him to establish that the land is located in Wood County, Texas. On the hearing of the pleas of privilege the facts clearly established that the land was located in Wood County. Section 14 of Article 1995 reads: "Lands.—Suits for the recovery of lands or damages thereto * * * must be brought in the county in which the land, or a part thereof, may lie." In the case of Talco Asphalt & Refining Co. v. McCann, Tex.Civ.App., 149 S.W.2d 150, a case similar to the one here involved, we held: "Appellee's controverting affidavit was based upon the two foregoing exceptions (9 and 14 of Article 1995), and in order for him to maintain his suit in Titus County, it was incumbent on him to establish by legal testimony the existence of at least one of said exceptions. [Citing cases.] And it was also incumbent upon appellee to establish as a fact that appellants were legally responsible for the acts complained of", citing cases.

The Courts of Civil Appeals of this state are divided upon this question. Those cases holding that it is only necessary in a suit of this character, damages to land, to prove the location of the land to be in the county where suit is brought are: Cree v. Cluck, Amarillo, 246 S.W.2d 337; Mecom v. Gallagher, 192 S.W.2d 804, w/r, n. r. e.; Texan Development Co. v. Hodges, 237 S.W.2d 436; Ross v. Martin, 225 S.W.2d 220, mandamus overruled; Smith v. Mitchell, 161 S.W.2d 591, mandamus denied; Beatty v. Hoefs, 229 S.W.2d 430; Pickens v. Harrison, 231 S.W.2d 812.

Those cases holding that proof must also be made of damages to the land which prima facie shows that it was incurred through the acts of defendant, or by his authority, are: Sims v. Trinity Farm Construction Co., 28 S.W.2d 856; Fordyce Gravel Co. v. Springs, 79 S.W.2d 1111; Talco Asphalt & Refining Co. v. McCann, supra; Hoover v. Horton, 209 S.W.2d 646; Conner v. Manning, 54 S.W.2d 249; and Harrison v. Amador, 9 S.W.2d 279. Unquestionably there is a conflict in these two lines of authority. The evidence in this case establishes that the land is located in Wood County but does not show that the appellants were even prima facie liable for the damages to appellee's land. Appellee's petition introduced in evidence shows the nature of the suit as being one for damages to land.

We are constrained to follow our holding in the Talco Asphalt & Refining Co. v. McCann, supra, and those cases supporting it, to the effect that under both exceptions, 9 and 14, the evidence must show that appellants are at least prima facie liable for the damages alleged in the petition.

Under the authority of Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458, the judgment is reversed and the cause remanded.