VINCENT PIAZZA V. A. O. PHILLIPS, ET AL

No. A-4404. Decided February 10, 1954.
(264 S.W. 2d Series 428)

*Coffee, Cain, Read & McCracken* and *Harold W. McCracken,* all of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that to establish venue facts sufficient to defeat a plea of privilege in a suit for the recovery of damages to land, the plaintiff must, in addition to showing the land to be located in the county wherein suit is filed, establish by other evidence that the defendants are at least prima facie liable for the damages sued for in the petition. Compton v. Elliott, 126 Texas 232, 88 S.W. 2d 91; Cowden v. Cowden, 143 Texas 446, 186 S.W. 2d 430; Talco Asphalt & Refining Co. v. McCann, Texas Civ. App., 149 S.W. 2d 150.

*Russell & Perkins* and *Bascom Perkins,* of Mt. Pleasant, for Phillips, Stephens and the American Liberty Oil Co.; *Touchstone, Long & Bernays,* of Dallas, also for American Liberty Oil Co., respondents.

In reply to petitioner's proposition cited, Gainesville H. & W. Ry. Co. v. Hall, 78 Texas 169, 14 S.W. 259; Hoover v. Horton, Texas Civ. App., 209 S.W. 2d 646; Pickens v. Harrison, Texas Civ. App., 231 S.W. 2d 812.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

Petitioner filed suit in the District Court of Wood County, Texas, against respondents for damages to petitioner's land situated in Wood County, Texas. There is no controversy between the parties as to whether the suit is one for damages done to land situated in Wood County, Texas. Respondents filed pleas of privilege to be sued in the various counties of their respective residences, and petitioner duly controverted these pleas of privilege relying upon exceptions (9) and (14) of Article 1995, Vernon's Annotated Civil Statutes, to maintain venue of the suit in Wood County, Texas. It is conceded by all parties that the pleas of privilege and controverting affidavits are all in due and ancient form, and legally sufficient to join issue on the matter of venue. Upon a hearing in the trial court, petitioner proved the

following: (a) plaintiff's original petition was introduced showing the nature of the suit to be purely for recovery of damages to plaintiff's land; (b) all controverting pleas were introduced which referred to and adopted plaintiff's original petition; (c) plaintiff testified (and this fact has not been disputed) that his land was located in Wood County, Texas, the county wherein his suit was filed, and that the suit was for recovery of damages to his lands, specifically, for burning his timber, grass, and fence posts, and destroying his dwelling, barns, and other improvements. The trial court overruled the pleas of privilege. Upon appeal, the Court of Civil Appeals, on the authority of Talco Asphalt & Refining Co. v. McCann, Tex. Civ. App., 149 S.W. 2d 150, no writ history, and cases following that holding, reversed and remanded the cause to the trial court. 261 S.W. 2d 459.

The question to be decided is whether the plaintiff in a suit for recovery of damages to land, in order to establish venue facts sufficient to defeat a plea of privilege, must, in addition to proving the land to be located in the county wherein suit is filed, establish by evidence, other than plaintiff's petition, that the defendant or defendants are at least prima facie liable for such damages as sued for in the petition. The answer is "no." As stated in the Court of Civil Appeals decision, the cases by the various Courts of Civil Appeals are in conflict. The case of Cowden v. Cowden, 143 Texas 446, 451, 186 S.W. 2d 69, 71, after setting out what constitutes venue facts, as defined in Compton v. Elliott, 126 Texas 232, 88 S.W. 2d 91, 93, proceeds to state the venue facts which must be established in order for plaintiff to maintain his suit in the county where the land is located, in the following language:

"Applicable provisions of exception 14 which appellant invokes to maintain his suit in Midland County are: 'Suits for the recovery of land or damages thereto * * * must be brought in the county in which the land, or a part thereof, may lie.' So the venue facts he had to establish were but two, namely, (1) that his was a suit for recovery of land and for damages thereto and (2) that a part of the land lay in Midland county. 'What more proof should plaintiff be required to make in order to maintain venue than that his action is clearly one of trespass to try title * * * and that the land is situated in the county where suit is filed? Nothing short of proof of these facts would hold the venue, and we can conceive of nothing more as being required.' Higginbotham-Bailey-Logan Co. v. Hancock et ux, Tex. Civ. App., 4 S.W. 2d 583, 584. Appellant's pleadings showed that he was suing to recover lands and for damages thereto. The proof

showed that a part of the land was situated in Midland county. Therefore, as to the part so situated, he had done all that the law required him to do to defeat the plea of privilege."

Respondent says the Cowden case is not applicable to the present case because the Cowden case was one for the recovery of land, whereas this cause is one for damages to land. Exception (14) to Article 1995 uses the language "suits for the recovery of land or damages thereto." We see no ground for any distinction between the two kinds of suits involving land.

To the extent that the Talco case, supra, and those cases cited by the Court of Civil Appeals as following the Talco doctrine, are in conflict with this opinion they should no longer be regarded as authority. The correct rule is that stated in Advanced Exploration Co., Inc. v. Spires, Texas Civ. App., 256 S.W. 2d 247, no writ history, and those cases therein cited as authority for its holding.

The judgment of the Court of Civil Appeals is hereby reversed and the judgment of the District Court of Wood County, Texas, is hereby in all things affirmed.

Opinion delivered February 10, 1954.