**Nick J. CRAIN, Appellant,**

v.

**Billy Sol ESTES, Appellee.**

**No. 3425.**

Court of Civil Appeals of Texas. Eastland.

Jan. 16, 1959.

Rehearing Denied Feb. 6, 1959.

Robert E. Ford, Abilene, for appellant.

Smith & Pope, Abilene, for appellee.

WALTER, Justice.

This is an appeal from an order sustaining a plea of privilege. Nick J. Crain filed suit against Billy Sol Estes for damages to his leased land and building located in Abilene, Taylor County, Texas, and being lots 8, 9, 10 and 11 in Block 79 of the original town of Abilene. Estes filed a plea of privilege to be sued in Reeves County, Texas, the county of his residence. Crain filed his controverting affidavit invoking subdivisions 9 and 14 of Article 1995.

Upon a hearing before the court without a jury the court sustained Estes' plea of privilege. Crain has appealed from such judgment on two points of error, namely, the trial court erred in sustaining Estes' plea of privilege (1) because said action is for the recovery of damages to land located in Taylor County, Texas, and comes under subdivision 14 of Article 1995 and (2) because the evidence shows that said suit was properly maintainable in Taylor County under subdivision 9 of Article 1995.

We have reached the conclusion that the plea of privilege should have been over-ruled.

The nature of appellant's suit, as shown by his pleadings, was for the recovery of damages to his leased land and building located in Abilene, Taylor County, Texas. Some of the allegations of appellant's petition were substantially that the appellee started gutting the building and premises and willfully and maliciously damaged and destroyed same. Crain has possession of said land and building under a three-year lease from the Guitar Trust Estate which was introduced in evidence by appellant and it established that said land and building were located in Taylor County. Crain was obligated by said lease to keep the property and fixtures in good repair at his own expense.

The venue facts which appellant had to establish were (1) that his suit was for recovery of damages to land and (2) that the land was located in Taylor County. Cowden v. Cowden, 143 Tex. 446, 186 S.W. 2d 69; Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428. Appellee insists it was necessary for appellant to show title to the land and building before he could invoke the provisions of subdivision 14 of Article 1995. Appellant owned the leasehold estate and had possession of said land and building under said lease. "A lease is generally regarded as a conveyance or grant of an estate in real property for a limited term with conditions attached, and in this connection has been defined as a conveyance to a person for life or years, or at will, in consideration of a return of rent or other recompense, and as a conveyance of any lands or tenements, usually in consideration of rent or other annual recompense, made for life, for years, or at will, but always for a shorter time than the lessor has in the premises." 51 C.J.S. Landlord and Tenant § 202, p. 804. "Delivery of a lease authorizes the lessee to take possession according to the terms of the instrument, and during the term the tenant in possession is for all practical purposes the owner of the property, having the right of possession, dominion, and control thereof." 51 C.J.S. Landlord and Tenant § 308,

p. 969. This lease was a grant or devise of realty for a period of three years. Holcomb v. Lorino, 124 Tex. 446, 79 S.W.2d 307. "The term 'damages to land' as used in the statute, means 'an injury to the possession or to the freehold or estate.'" 43 T.J. 746.

Appellant's petition alleged a cause of action for damages to his possession and leasehold estate in said land and building and the uncontradicted evidence established it was located in Taylor County. This established the venue facts. Tracy v. King, Tex.Civ.App., 249 S.W.2d 642.

The judgment of the trial court is reversed and the cause is remanded.