**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,**

**v.**

**Harold HUMES, Appellee.**

No. 13651.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 9, 1960.

Trueheart, McMillan, Russell & Westbrook, San Antonio, for appellant.

Carl Wright Johnson, Edward P. Fahey, San Antonio, for appellee.

BARROW, Justice.

This is a suit by appellant, United Services Automobile Association, against Margaret Humes and appellee, Harold Humes, for damages. The appellee duly filed his plea of privilege to be sued in Gregg County, the county of his residence. Appellant controverted the plea, relying upon Sections 3, 9, 9a, 14 and 29a, of Article 1995, Vernon's Ann.Civ.St., to sustain venue in Bexar County. Upon a hearing before the court judgment was rendered sustaining the plea of privilege. On this appeal appellant relies alone upon Section 14 to sustain venue.

The question here presented is whether or not appellant is entitled to maintain venue in Bexar County under Section 14 of Article 1995, which reads as follows:

"Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

The venue facts necessary to be established in order to maintain venue under Section 14 are: (1) That the land be located in the county wherein venue is sought to be maintained; (2) That the nature of the suit be one for damages to land. The nature of the suit is determined alone from the allegations of plaintiff's petition. Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428. The material allegations of plaintiff's petition are as follows:

"That on or about January 7, 1958, the defendant Margaret Humes was operating an automobile belonging to the defendant Harold Humes in San Antonio, Bexar County, Texas, at which time and place said automobile drove into and onto real estate owned by the plaintiff and collided with an electric or utility pole carrying power lines and communication lines to the plaintiff's office building, which said pole was located well within plaintiff's property and far from any passage suitable for travelling by wheeled vehicles, and caused the destruction of said pole and the said power and communication lines to plaintiff's damage accordingly."

Plaintiff alleged that defendant Margaret Humes was operating the automobile with consent, permission and knowledge of defendant Harold Humes, and then alleged specific acts of negligence on the part of both defendants. The petition then alleges as follows:

"That as the proximate result of the accident described above, plaintiff's business was shut down for one-half of one day while electrical and communication facilities were being restored to plaintiff's office building, and plaintiff's employees were unable to perform their duties during the shut down period, because plaintiff's building and equipment are completely electrified. Plaintiff's employees were paid the sum of $6,731.72 in salaries for the one-half day period described, although they were unable to perform their duties even though present in plaintiff's place of business. Additionally, plaintiff paid the sum of $1,193.45 to replace the broken pole wires and to effect the reinstallation thereof. Plaintiff, as a further proximate result of the accident, was forced to rent lanterns and other illuminating equipment the night the accident occurred at a cost of $32.-37. Plaintiff was forced to rent a gasoline pump to control water in the basement of plaintiff's building, which ordinarily was pumped by electrical means, and the rental thereof was in the sum of $107.50. As a further proximate result of the accident all of plaintiff's clocks had to be reset by the IBM Corporation at a further cost to plaintiff of the sum of $20.04. In order to operate the aforementioned lanterns, pump and so forth, plaintiff was forced to purchase kerosene and gasoline in the sum of $1.90. Plaintiff employed an investigator to ascertain the details of the accident causing plaintiff's damage as a proximate result of the accident, and paid him the further sum of $22.50. Plaintiff was, therefore, damaged in the total sum of $8,109.48."

It is readily apparent that plaintiff's suit is one for recovery of business losses and expenses and not for damages to real estate or improvements thereon. There is not even a suggestion of a recovery for injury to the possession, or to the freehold or estate. We think the opinion and holding in Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706, is controlling in this case.

The judgment is affirmed.