C. C. OLSON, dba Master Floor Covering Company, Appellant,

v.

B. W. MERCHANDISE, INC., Appellee.

No. 11278.

Court of Civil Appeals of Texas.

Austin.

March 17, 1965.

Rehearing Denied April 7, 1965.

Hardeman, Smith & Foy, S. Ancial Middlebrook, San Angelo, for appellant.

Upton, Upton, Griffis, Shannon & Porter, John H. Hofmann, San Angelo, for appellee.

PHILLIPS, Justice.

This is a venue case. B. W. Merchandise, Inc., the plaintiff in the trial court and the appellee here, brought suit against C. C. Olson, d/b/a Master Floor Covering Company, for damages caused by a fire that destroyed a building leased by appellee in San Angelo, Tom Green County. Appellant Olson, a resident of Tarrant County filed a plea of privilege asserting his right to be sued in Tarrant County. This appeal is from an order overruling appellant's plea of privilege.

We reverse the judgment of the trial court and order this case transferred to Tarrant County for trial.

Pursuant to telephone conferences between appellant and appellee's Assistant Manager John Brooks, an agreement was entered into whereby appellant would come to San Angelo from Ft. Worth and lay a vinyl tile floor on certain premises leased by appellee. The terms of the agreement were that appellant would lay the tile at his cost plus approximately six cents per square foot, including the cleaning and preparing of the concrete floor of the building. When appellant arrived at appellee's premises and found more paint on the floor than he had anticipated, he told appellee's employees that the only method he had for removing the paint was a sanding machine in which case appellee's merchandise would be covered with dust. At this point, appellee's employees, John Brooks and Neal Evans, appellee's store managers, suggested that a Mr. Kincannon be contacted as he had worked on appellee's floors in the past. Appellant had not known of Kincannon before this time.

After Kincannon had been contacted and had arrived on the premises, he tested the painted floor with some paint removing solution. The method used by Kincannon was to agitate a small area of the painted surface with a small spatula or stick. Appellant watched Kincannon's efforts for some 15 or 20 minutes. The test was ap-

parently successful so arrangements were made with Kincannon to remove the paint.

The record is somewhat inconclusive as to whether the store managers Evans and Brooks hired Kincannon to do the job or whether appellant approved of the negotiations with Kincannon and hired him. In view of our theory of this case a determination of this fact is unnecessary as we hold that the evidence is conclusive that Kincannon's role was that of an independent contractor.

When appellant was satisfied that Kincannon could remove the paint and it was agreed that Kincannon was to begin the job immediately, appellant left the premises and the job to Kincannon. He planned to return the following morning and begin the tile work.

Kincannon then left two of his own employees to begin the paint removing, and he too left.

Shortly thereafter, Kincannon's employees asked Evans to call Kincannon so that they could get Kincannon's permission to use a rotating scrubbing machine to remove the paint. This machine was outside the store on Kincannon's truck. Appellant had never seen this machine nor was it used in his presence. After the telephone call to Kincannon, his employees brought the machine into the building and began using it to agitate the area of the floor to which the paint remover had been applied. While the machine was in use, a fire ignited in the area which resulted in the damage to appellee's property for which it is now seeking to recover.

■ Article 1995, Vernon's Ann.Civ.St., provides that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except under certain conditions that provide exceptions to this rule. These exceptions are set out in Art. 1995. Thus appellee has a right to be sued in Tarrant County, the county of his domicile, unless appellee by his pleadings and proof can bring his

case under one of the hereinafter discussed exceptions to this rule. The right of a resident to be sued in the county of his domicile is a valuable right and any exceptions to his plea of privilege must be strictly construed and clearly established. Atlas Assurance Company v. Houston Fire & Casualty Insurance Company, Tex.Civ.App., 324 S.W.2d 943, writ dismissed.

■ We hold that Kincannon was an independent contractor. This is true irrespective of who hired him. He had the right to control all of the incidents of his work; he furnished the tools, materials and men necessary to complete the job; he was paid by the job and not the hour for a specific job of removing the paint from the floor. Appellant had not known Kincannon in the past nor did he know of his ability or his methods. He was looking solely to the result of Kincannon's contract, that is the removal of the paint. The method was to be his own. The employees used were his and they looked to him for direction. See 30 T.J.2d ed., Sec. 4, p. 478.

■ The general rule that an employer is not responsible for the acts or omissions of an independent contractor or his servants is well established; however, there is one exception to this rule in that one who employs an independent contractor to perform work that is inherently dangerous is liable for the negligence of such independent contractor. Appellee cites this exception and maintains that Kincannon's use of an inflammable paint remover brings his work under that class which is inherently dangerous. Thus, he maintains, that the suit can be maintained in Tom Green County under exception 9a of Art. 1995 which, in general, provides that a suit based upon negligence may be brought in the county where the negligence occurred as well as in the county where the defendant has his domicile.

■ We hold that the use of an inflammable paint remover is not work that is inherently dangerous, consequently any possible negligence of Kincannon cannot, under these facts, be imputed to appellant.

In Brownsville Navigation District v. Valley Ice & Fuel Co., Tex.Civ.App., 313 S.W.2d 104, n. w. h., Judge Pope, then speaking for the San Antonio Court of Civil Appeals, dealt with the question of whether the use of an acetylene blow torch which caused a fire was inherently dangerous work stated: "In our opinion, there is no proof that the use of an open flame from an acetylene torch was discussed or contemplated by the parties. The contract did not directly require it, and the torch was not necessarily incident to the removal of the equipment from the Pier. We doubt that the use of the acetylene torch was an inherently dangerous operation, since it was the negligent manner of its use which resulted in the fire." Citing cases.

■ Thus in the case at bar, the use of an inflammable paint remover was not in itself inherently dangerous work. It was that added factor of the electrically operated scrubber outside the contemplation or knowledge of appellant and not a requisite part of the contract to remove the paint, that apparently caused the fire. Inflammable products such as gasoline, natural gas, cleaning fluids and the like are a part of the average person's daily existence. These are not considered inherently dangerous when properly used. It is their misuse that makes them hazardous and an assumption of misuse is not ordinarily to be contemplated in contracts involving them. In Jennings v. Vincent's Adm'x, 284 Ky. 614, 145 S.W.2d 537, the Court of Appeals of Kentucky stated: "There are many substances used in everyday life which are highly volatile and gases given off therefrom are explosive when brought into contact with a flame or spark of electricity, yet people generally do not regard gasoline, kerosene, naphtha, turpentine, etc., as being inherently dangerous, and they are not, when used with the proper degree of care. When danger is not naturally expected to result in the use of a substance

or instrumentality, it cannot be said to be inherently dangerous and the owner is not liable for the injuries caused by the negligent use thereof by an independent contractor." Citing cases.

Appellee cites this Court to exception 14 of Article 1995, wherein suits for the recovery of land or damages thereto must be brought in the county in which the land, or a part thereof, may lie. Appellee maintains that he has a leasehold estate in the property destroyed and that such is damage to an interest in land, citing Crain v. Estes, Tex.Civ.App., 320 S.W.2d 395. We point out that no leasehold estate or any damage thereto appears in appellee's pleadings. Appellee alleges in his petition that he was the owner of certain property destroyed by fire. This statement in appellee's pleadings was an apparent inadvertence as it later developed that the property in question was owned by the Fitzgerald Realty Company which also has a suit against the appellant herein. In fact, the suit at bar and Fitzgerald's Realty's suit against appellant for the loss of the building were joined for the purpose of the plea of privilege hearing at which time appellee's attorney questioned Neal Evans as follows and made the following statements himself:

"Q  All right, now, I will ask you whether or not the nature of the suit filed by Fitzgerald Realty Company is one for damages to its building or land or damage to its land out there that we are talking about?

"A  That's the way I understand it.

"Q  The suit filed by B. W. Merchandise, Inc., on the other hand, is one for the contents, the furniture and fixtures and loss of profits, and that sort of thing?

"A  That's the way I understand that.

"MR. DAVIS: We will now introduce Plaintiff's Exhibit No. 1 which has already been agreed upon as being a true and correct copy of Plaintiff's Original Petition in Cause No. 30,937-B, which is the suit filed Fitzgerald Realty Company vs. C. C. Olson, DBA Master Floor Covering Company; and we introduce that petition, Your Honor, for the purpose of showing, No. 1, the nature of the suit involved in the Fitzgerald law suit, that being a suit for damages to land, and we also introduce it for the purpose of showing that the land described therein is situated in Tom Green County, Texas.

"Q  As a consequence of that fire that occurred on July 20, 1963, which is the building located upon the land we have been talking about, were the buildings all virtually destroyed?

"A  I think you would consider that they were completely destroyed, because what little portion was left cost us more to fix up than we could have almost rebuilt a new structure for.

"Q  Would you tell the Court whether or not the damages to the buildings caused by the fire ran into the thousands of dollars and certainly in excess of $500?

"A  Yes, it did.

"Q  Would you tell the Court whether or not the damages to the—strike that—that would be the loss to Gitzgerald Realty Company, wouldn't it?

"A  Yes, that's right.

"Q  As regards the loss suffered by B. W. Merchandise, Inc., will you tell the Court whether or not the inventory, the contents, the furniture, fixtures, the loss of profits and the like also ran into the

thousands of dollars and certainly in excess of $500?

"A Yes, it did."

In the prayer to its pleadings, appellee asks $54,000 in damages for the building which was totally destroyed. It also asks damages for the contents of the building including fixtures, furniture and merchandise and for loss of profits.

 Appellee's pleadings allege ownership of a building in Tom Green County destroyed by fire through appellant's negligence. The venue facts that generally must be established under Subdivision 14 are: (1) the nature of plaintiff's claim and (2) the location of the land. Ordinarily these facts are proved by the allegations of plaintiff's petition and by evidence showing location of the land, Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428; Cox v. Palacios, Tex.Civ.App., 188 S.W.2d 688. However, as in the instant case, where plaintiffs by their own admissions at the venue hearing disclaim any ownership of the land as originally plead, an additional issue is raised for decision. This situation is similar to those cases where false allegations were made for venue purposes and venue disallowed under Sec. 14. Batex Oil Company v. La Brisa Land and Cattle Company, Tex. Civ.App., 352 S.W.2d 769. A venue fact later admitted by the plaintiff to have been made in error can no longer be considered to have been made in good faith, consequently it must fail. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69.

Pleadings alleging damage to a leasehold with evidence of the location of the land would have supported appellee's exception under subdivision 14, Crain v. Estes, above; however there are no pleadings alleging a leasehold. The only conclusion at which we can arrive, in the light of the pleadings and the abovementioned testimony, is that recovery of damage to the leasehold estate, that might have been sought, has been either abandoned or waived, Tunstill v. Scott, 138 Tex. 425, 160

S.W.2d 65. In a venue case under subdivision 14 the court must determine the nature of the suit, as a matter of law, by reference to the petition, Tennessee Gas & Transmission Co. v. Heard, Tex.Civ.App., 190 S.W.2d 518.

Thus we have before us pleadings to damage of land that by plaintiff's own admissions can no longer be considered in good faith, and, venue facts which could have evoked subsection 14 but were not plead. Either is fatal to appellee's position.

We reverse the judgment of the trial court and direct that the suit be transferred to a District Court of Tarrant County.

Reversed with instructions.