**CECIL RUBY COMPANY, Appellant,**

v.

**Hollis JONES, Appellee.**

**No. 3993.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 3, 1965.

Rehearing Denied Jan. 21, 1966.

L. W. Anderson, Dallas, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, Hugh F. Rives, Jr., Abilene, for appellee.

GRISSOM, Chief Justice.

Hollis Jones sued Cecil Ruby Company in the District Court of Eastland County for damages to his land. The defendant filed a plea of privilege to be sued in Bexar County. The plea was overruled and the defendant has appealed.

Appellant's points are that the court erred in overruling its plea of privilege because (a) the plaintiff did not present evidence that the defendant was responsible for the damages to his land, (b) or the amount of damages and, therefore, jurisdiction was not shown. Under exception 14 to Article 1995, Vernon's Ann.Civ.St., the plaintiff was required to establish only two venue facts: (1) that the suit is for damages to land and (2) that his land lies in the county in which he filed the suit. Plaintiff's petition shows that his suit is one for damages to land. He testified that his land is in Eastland County. Nothing more was required. Under exception 14 the only venue fact upon which evidence is required is that plaintiff's land is in the county in which the suit is filed. The other venue fact, that plaintiff's suit is for damage to said land, is established by the facts alleged in plaintiff's petition.

The plaintiff was not required to prove on the venue hearing that the defendant was responsible for the damage to his land. Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428; Compton v. Elliott, Tex. Com.App., 26 Tex. 232, 88 S.W.2d 91, 93; Advanced Exploration Co v. Spires, Tex. Civ.App., 256 S.W.2d 247.

Appellant also contends that its plea should have been sustained because the plaintiff did not prove the amount of damages suffered was within the jurisdiction of the District Court of Eastland County. The amount in controversy is determined by the plaintiff's petition. Neither the amount of damages sustained nor defendant's responsibility therefor is a venue fact required to be established by the evidence under exception 14. However, the petition disclosed the jurisdiction of the trial court by virtue of Article 1970–141a.

All of appellant's contentions have been considered and are overruled. The judgment is affirmed.