Oscar Harold **NOEL**, Appellant,

v.

**GRIFFIN & BRAND OF McALLEN, INC.,**
Appellee.

No. 684.

Court of Civil Appeals of Texas,
Corpus Christi.

March 30, 1972.

Homer E. Dean, Jr., Alice, for appellant.

Rankin, Kern & Martinez, H. Hollis Rankin, III, McAllen, for appellee.

OPINION

SHARPE, Justice.

This appeal is from a judgment overruling the plea of privilege filed by appellant Noel, one of the defendants below. The parties will sometimes be referred to

as in the trial court, i. e., Griffin & Brand of McAllen, Inc. as plaintiff, and Harold Noel as defendant.

Griffin & Brand of McAllen, Inc. sued Noel and other defendants in the district court of Hidalgo County, Texas, to recover damages for the loss of a crop of bell peppers and for damages to the leasehold, turf and sod upon which the bell peppers were growing. The damages allegedly occurred as a result of aerial spraying of brush on an adjoining tract of land owned by some of the defendants. Defendant Noel filed a plea of privilege to be sued in Dallas County, Texas, and plaintiff duly controverted it. At the hearing plaintiff placed reliance solely upon subdivision 14 of Article 1995, Vernon's Ann.Civ.St., reading as follows:

"Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

By four points Noel contends that the trial court erred in overruling his plea of privilege for reasons in substance as follows: (1) Venue was not properly proven under subdivision 14 of Article 1995, once the allegation of damage to land had been challenged as fraudulently made. (2) The obvious principal relief sought by appellee was for damages to growing crops and not damages to the land itself. (3) There was no evidence to support the allegation of damage to land. (4) The District Court's implied finding of evidentiary support for damage to land is so against the overwhelming weight and preponderance of the evidence adduced at the trial as to be clearly wrong.

The venue facts necessary for plaintiff to establish in this case by a preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are: (1) The nature of plaintiff's claim and, (2) the location of the land. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945); Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428 (1954); and 1 McDonald Texas Civil Practice § 4.22.1 (1965).

The parties stipulated that the land in question is located in Hidalgo County, Texas, thus supplying venue fact number two. As for venue fact number one, the nature of the plaintiff's claim is ordinarily determined by reference to plaintiff's pleadings and plaintiff's third amended original petition was admitted into evidence for that purpose. That petition which was adopted by reference in the controverting plea, alleged in substance, in addition to averments of loss of the bell pepper crop, that a chemical spray, Instemul, entered into and on the soil or dirt and damaged the turf and sod of the land on which the bell pepper crop was growing, making it impossible for plaintiff to use said land for planting crops thereon and as a result plaintiff's leasehold estate was destroyed and damaged in the amount $5,900.00. Plaintiff's pleadings, therefore, showed that he was suing for damages to, and loss of, the bell pepper crop, and for damages to the land involved. Since the land in question was undisputedly situated in Hidalgo County, plaintiff had done all that the law ordinarily required it to do to defeat the plea of privilege. See *Cowden, Piazza,* supra. In this case, however, defendant Noel alleged in his plea of privilege that plaintiff's allegations of damage to the land were false and not made in good faith, but fraudulently made for purposes of maintaining venue in the county of suit. Appellant-defendant relies here on the rule stated in Batex Oil Company v. LaBrisa Land and Cattle Company, 352 S.W.2d 769 (Tex.Civ.App., San Antonio, 1961, wr. dis'm) that when a defendant alleges in his plea of privilege that plaintiff's allegation as to damage to the land was not made in good faith, an additional issue is raised for decision on the venue hearing. Appellant also cites and relies upon the case of Gold v. Simon, 424 S.W.2d 32, 34 (Tex.Civ.App., Ft.

Worth, 1968, n. w. h.) in which the court held in part as follows:

"Under the cases it appears that in a plea of privilege case a defendant who affirmatively alleges fraud on the jurisdiction (for venue purposes) raises additional issues upon which he has the burden of proof and in support of which he is entitled to introduce evidence. 59 Tex.Jur.2d, p. 585, 'Venue', Sec. 147, '(Requisites of plea)—Alleging venue fraudulently laid'; McDonald's Texas Civil Practice 376, 459; Texan Development Co. v. Hodges, 237 S.W.2d 436 (Amarillo, Tex.Civ.App.1951, no writ history)."

\*    \*    \*    \*    \*    \*

" . . . Once the defendant's pleading raises the issue of fact as to the matters above enumerated and produces evidence of probative force and effect in support thereof, a determination may be made by reference to the evidence rather than by reference to the plaintiff's petition. . . . "

Here we are dealing with a non-jury trial. The record includes a statement of facts of the plea of privilege hearing and the clerk's transcript. There are no findings of fact or conclusions of law.

In support of the allegation of fraud in defendant's plea of privilege, the only evidence offered by defendant was the testimony of Charles Lewis, one of the defendants and operator of Agri-Copters, Inc. Mr. Lewis testified in substance that the chemical used for spraying (2–4–5–T, Amine and Banvel) does not have any effect on grass or sod and no effect on the soil whatever. Mr. Lewis related that he based his opinion on his exprience in the use of the particular chemical, and on brochures that the chemical companies and the State of Texas provide as a guide in using the various chemicals. The testimony given by Mr. Lewis was considerably weakened on cross-examination. He was an interested witness and his testimony ultimately amounted largely to opinions and conclusions, some of which were based upon hearsay evidence.

There is an implied finding in favor of the judgment here that plaintiff's allegation of damage to the land was made in good faith. The trial court was not bound by the testimony of the witness Lewis under the circumstances appearing in the present record and was authorized to hold that the evidence was legally and factually sufficient to support the above-stated finding.

Appellant relies in part on the case of Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706 (1957) for the position that in a plea of privilege case the main relief sought should be looked to as determining the applicable venue provision. Aside from other distinctions, *Brown* is not in point here because there the principal relief sought was an injunction which was controlled by Article 4656, V.A.C.S. No such question is involved in the instant case.

■ In view of the foregoing discussion the trial court's implied finding, in effect, that plaintiff's allegation of damage to land was made in good faith, will not be disturbed. The trial court properly held that plaintiff brought its case within Subdivision 14, Article 1995, V.A.C.S., and correctly sustained venue in Hidalgo County, Texas by overruling appellant's plea of privilege. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.