**Ann Friar THOMAS and J. Carter Thomas, Appellants,**

v.

**RALPH E. FAIR, INC., Appellee.**

**No. 1186.**

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 22, 1977.

Rehearing Denied Oct. 20, 1977.

Edwin R. DeYoung, McKenzie & Baer, Dallas, for appellants.

Robert Lee Bobbitt, San Antonio, for appellee.

## OPINION

NYE, Chief Justice.

This is a venue case. Appellants Thomases, who were the landowners and Plaintiffs below, brought suit against Ralph E. Fair, Inc. to have an oil and gas lease on their land located in Goliad County terminated allegedly for non-production. Defendant, Ralph E. Fair, Inc., timely filed a plea of privilege to be sued in Bexar County. The landowners filed their controverting plea. After a hearing the trial court, without a jury, ruled for the Defendant; granted the plea of privilege; and ordered the case transferred to Bexar County. Plaintiff landowners have perfected their appeal from this judgment.

In March of 1976, Ann and T. Carter Thomas filed their original petition to terminate an oil, gas and mineral lease on approximately 1,067 acres of land located in Goliad County. The Thomases were the original lessors of the tract who leased the property to Ralph Nelson who assigned the lease to Ralph E. Fair, Inc., the present holder of the lease. The original lease was executed in 1951 for a 10 year term and as long thereafter as oil, gas or other minerals were produced. It is the landowners' contention that the entire lawsuit is based upon Defendant's failure to properly develop the land as a result of which (1) the lease is no longer producing in paying quantities and should be terminated or (2) the Defendant should answer in damages for its failure to properly develop the land under the lease. Defendant filed a general denial and a plea of privilege to be sued in its principal place of business, Bexar County. The landowners filed a controverting plea to Defendant's plea of privilege, alleging an exception to Defendant's plea under Tex.Rev. Civ.Stat.Ann. art. 1995(14) (1964). Defendant filed a reply to the landowners' controverting plea wherein it alleged that the allegations, for venue purposes, in landowners' original petition were made in bad faith and that the petition failed to state a cause of action sufficient to bring the suit within subdivision 14 of Article 1995. On the day of the hearing Plaintiffs filed an amended controverting plea which not only asserted an exception under subdivision 14 but also plead for the first time exceptions under subdivisions 5 and 23. (Although the petition states subdivision 21, it was agreed by the parties that the landowners actually intended to plead subdivision 23). After a full hearing the trial court granted Defendant's plea of privilege and ordered the case transferred to Bexar County. No findings of fact or conclusions of law were made by the trial judge.

In their first point of error the Plaintiffs complain that the trial court erred in overruling their exception to Defendant's plea of privilege under subdivision 14 of Article 1995. Subdivision 14 to Article 1995 states that suits for the recovery of land, or for damages to land, or to remove encumbrances upon title to land, or to quiet title to land, shall be brought in the county where the land may lie. The venue facts which the Plaintiffs must establish under this subdivision are: 1) that the suit is of the type specified under the subdivision, i.e., in this case, that the suit is one affecting title to real property; and 2) that the land or part thereof is located in the county where the suit was brought (in this case, Goliad County). *Piazza v. Phillips,* 153 Tex. 115, 264 S.W.2d 428 (1954); *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69 (1945); *Petroleum Processing, Inc. v. Roemer,* 396

S.W.2d 528 (Tex.Civ.App.—Corpus Christi 1965, no writ). In order to defeat a Defendant's plea of privilege, the burden is on the Plaintiffs to allege and prove by a preponderance of the evidence that the case comes within one of the exceptions to the venue statute. *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (1935); *Socony Mobil Company, Inc. v. Southwestern Bell Telephone Co.*, 518 S.W.2d 257 (Tex.Civ.App.—Corpus Christi 1974, no writ).

■ In determining venue here, it remains for this Court to determine the nature of the suit solely from the facts alleged in the Plaintiffs' petition, the rights asserted and the relief sought. *Renwar Oil Corporation v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774 (1955); *Edgar v. Bartek*, 507 S.W.2d 831 (Tex.Civ.App.—Corpus Christi 1974, writ dism'd). The ultimate or dominant purpose of this type of suit determines whether or not this case falls under subdivision 14. *Edgar v. Bartek*, supra; *Morgan v. Box*, 449 S.W.2d 499 (Tex.Civ.App.—Dallas 1969, no writ); *Texaco, Inc. v. Gideon*, 366 S.W.2d 628 (Tex.Civ.App.—Austin 1963, no writ).

■ The actual questions raised by Plaintiff landowners' first point of error are succinctly set out in Defendant appellee's first cross-point of error. Defendant states that there are two basic grounds, either of which if true, would be sufficient for the trial court to have denied Plaintiffs' claim under subdivision 14, Article 1995. Defendant's first ground is that Plaintiffs failed to properly incorporate their original petition into their amended controverting plea and therefore failed to plead the venue facts necessary to come within that subdivision. Rule 86, T.R.C.P., provides in pertinent part:

" . . . When a plea of privilege is filed in accordance with this rule, it shall be prima facie proof of the defendant's right to change of venue; . . . If such adverse party desires to controvert the plea of privilege, he shall within ten days after he or his attorney of record received the copy of the plea of privilege *file a controverting plea under oath, set-*

*ting out specifically the grounds relied upon to confer venue* of such cause on the court where the cause is pending." (emphasis added).

Plaintiff landowners' amended controverting plea relied upon by them to allege that this cause of action must be brought in Goliad County under the terms of subdivision 14 of Article 1995, states the following:

Plaintiffs' cause of action against Defendant, *as more fully set forth in Plaintiffs' petition* is for the termination of the oil, gas and mineral lease on Plaintiffs' real property located in Goliad County, Texas. Therefore, this suit may be maintained in the county of Goliad, Texas, under the provisions of the Revised Civil Statutes of Texas, Article 1995, Subdivision 14. (emphasis added).

This pleading is not sufficient to allege any exception to venue in the county of the Defendant's residence as Rule 86 required. The rule of law involved herein was set out by the Supreme Court in *A. H. Belo Corporation v. Blanton*, 133 Tex. 391, 129 S.W.2d 619 (1939). The Court held: that a controverting affidavit which contains no allegations of fact and contains a mere reference to the petition is insufficient to supply the essential facts in order to sustain venue where the suit was filed. Many other cases support this rule. Some are as follows: *Henderson Grain Co. v. Russ*, 122 Tex. 620, 64 S.W.2d 347 (1933); *Spencer v. Gray*, 209 S.W.2d 651 (Tex.Civ.App.—Fort Worth 1948, no writ); *C. F. Lytle Co. v. Preston*, 175 S.W.2d 440 (Tex.Civ.App.—Fort Worth 1943, no writ); *Benedum v. John Woodley, Inc.*, 50 S.W.2d 493 (Tex.Civ.App.—Beaumont 1932, no writ); *Grogan-Cochran Lumber Co. v. McWhorter*, 4 S.W.2d 995 (Tex. Civ.App.—Beaumont 1928, no writ). See also *Leonard v. Maxwell*, 365 S.W.2d 340 (Tex.Sup.1963).

■ The second reason the trial court was correct in refusing to grant Plaintiffs' subdivision 14 exception concerns Defendant's assertion that Plaintiffs' allegation that production in paying quantities had ceased was made in bad faith for venue purposes. Where such an allegation is

raised it places on the Plaintiffs the additional burden of proof that said allegation was not made in bad faith. *Noel v. Griffin & Brand of McAllen, Inc.,* 478 S.W.2d 633 (Tex.Civ.App.—Corpus Christi 1972, no writ); *Batex Oil Company v. La Brisa Land and Cattle Company,* 352 S.W.2d 769 (Tex. Civ.App.—San Antonio 1961, writ dism'd). A review of the record indicates Plaintiffs totally failed on this issue.

■ The landowners brought suit to terminate the oil and gas lease primarily because of the alleged failure of the Defendant to produce from the lease in paying quantities after the expiration of the primary term. A review of the evidence shows that the lease was in fact producing in paying quantities. The landowners admitted that they received royalty payments. We hold that such evidence and proof was sufficient for the trial court's implied finding of bad faith which thereby authorized the granting of the plea of privilege. See *Batex Oil Company v. La Brisa Land and Cattle Company,* 352 S.W.2d 769 (Tex.Civ. App.—San Antonio 1962, writ dism'd); *Citizens Bridge Co. v. Guerra,* 152 Tex. 361, 258 S.W.2d 64 (1953). Appellant landowners' point of error number one is overruled.

■ Landowners' second point of error is that the trial court erred in not sustaining venue in Goliad County under subdivision 5 of Article 1995. Subdivision 5 states that if a person has contracted in writing to perform an obligation in a particular county expressly naming such county, suit may be brought against him in that county. The venue facts which must be pled and proven under subdivision 5 are: 1) the Defendant must be a party reached by the statute; 2) the Plaintiff's claim is based on a written obligation upon which he bases his recovery; 3) the contract was entered into by the Defendant or one authorized to bind him or was assumed or ratified by him; and 4) that the contract by its terms provides for the performance of the obligation sued upon in the county of suit. *Fleetwood Construction Compnay, Inc. v. Western Steel Company,* 510 S.W.2d 161 (Tex.Civ.App.— Corpus Christi 1974, no writ).

■ The Plaintiff landowners failed to incorporate their petition into their controverting plea (see arguments under first point of error); therefore, we can only look to the plea itself to determine whether or not subdivision 5 is applicable. Plaintiff landowners' plea states that the lease was entered into in Goliad County; that it was in writing; and that it concerned Defendant's obligation to perform under such lease in Goliad County. This pleading is clearly insufficient. The plea fails to state what obligation, if any, the Defendant had in Goliad County. It fails to even allege that any obligation was breached. Plaintiff landowners' second point of error is overruled.

Plaintiff landowners' final point of error concerns the alleged error of the trial court in failing to sustain venue in Goliad County under subdivision 23 of Article 1995. Subdivision 23 provides that suits against private corporations may be brought in the county where the corporation's principal office is located or where the cause of action arose. Initially it should be noted that Plaintiff landowners had some problems in deciding exactly which additional exception to plead. In their controverting plea they assert subdivision 21, which is obviously not applicable. On appeal they assert subdivision 23, but since the Defendant is a foreign corporation, they probably intended to plead subdivision 27.

■ Defendant asserts that subdivision 23 had no application because the subdivision applies only to domestic corporations. This contention is also incorrect. Subdivision 23 is applicable to both foreign and domestic corporations. *Texas-Louisiana Power Co. v. Wells,* 121 Tex. 397, 48 S.W.2d 978 (1932); *Pittsburg Water Heater Co. of Texas v. Sullivan,* 115 Tex. 417, 282 S.W. 576 (1926); *Delhi Gas Pipeline Corporation v. Allgood,* 492 S.W.2d 651 (Tex.Civ.App.— Tyler 1973, no writ); *Northwestern Mutual Insurance Company v. Lawson,* 476 S.W.2d 931 (Tex.Civ.App.—Tyler 1972, no writ); *Shamrock Oil and Gas Corporation v. Price,*

364 S.W.2d 260 (Tex.Civ.App.—Amarillo 1963, no writ).

 However, this subdivision suffers the same infirmity as the other subdivisions pled by Plaintiff landowners. The controverting affidavit was improperly pled. The Plaintiff landowners alleged that the Defendant was a corporation and that the cause of action arose in Goliad County. In order to maintain venue under subdivision 23 a Plaintiff must plead and prove: 1) that the action is against a private corporation; 2) that Defendant had an agency or representative in the county where venue is sought to be sustained; 3) that Plaintiff resided in the county of suit at the time his cause of action arose; and 4) that Plaintiff had a cause of action against the Defendant. *Continental Transfer & Storage Company, Inc. v. Gee*, 285 S.W.2d 892 (Tex.Civ.App.—Eastland 1955, no writ); *Golasinski v. Warren Refrigerator Co., Inc.*, 226 S.W.2d 220 (Tex.Civ.App.—Galveston 1949, no writ); *Trinity Universal Ins. Co. v. Wallace*, 186 S.W.2d 86 (Tex.Civ.App.—San Antonio 1945, no writ). Clearly Plaintiffs' pleadings fail to address the existence of any agent in the county or that they had a cause of action against the Defendant.

There is an additional compelling reason why venue should not be sustained under subdivision 23. To come within subdivision 23 the Plaintiffs must prove that a cause of action exists; the Plaintiffs have the same burden as in a trial on the merits. *White Stores, Inc. v. Fielding*, 533 S.W.2d 431 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Socony Mobil Company, Inc. v. Southwestern Bell Telephone Co.*, 518 S.W.2d 257 (Tex.Civ.App.—Corpus Christi 1974, no writ). A review of the testimony offered at the venue hearing indicates Plaintiffs totally failed to discharge this burden. The record indicates that the oil well in question was producing in paying quantities so as to negate the cause of action alleged by the landowners. This third point of error is also overruled.

The judgment of the trial court is affirmed.