**STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant,**

v.

**Randall HERMAN et al., Appellees.**

No. 8672.

Court of Civil Appeals of Texas, Texarkana.

Feb. 6, 1979.

Rehearing Denied March 13, 1979.

John L. Hill, Atty. Gen. of Texas, Sam L. Jones, Jr., Asst. Atty. Gen., Austin, for appellant.

Douglas A. Barnes, Keck & Barnes, Dallas, Edward C. Fritz, Dallas, for appellees.

HUTCHINSON, Justice.

This is a venue case. Appellant, State Department of Highways and Public Transportation, appeals from an order of the District Court of Franklin County overruling its plea of privilege to be sued in Travis County, Texas. Appellees' controverting plea was based upon Subdivisions 9a and 14 of Article 1995, Tex.Rev.Civ.Stat.Ann.

Appellees each own real estate in Franklin County adjacent to Sulphur River and west of State Highway 37. In the fall of 1971, appellant commenced the construction of a new bridge at the Sulphur River crossing of State Highway 37 and completed it in the fall of 1973. Appellees allege that the new bridge and its approaches, by reason of design and manner of construction, obstruct, slow down and block the flow of water in Sulphur River thereby causing it to overflow onto their lands and remain thereon for considerable periods of time. Appellees allege that such frequent floodings have caused portions of their realty to be damaged temporarily and to some extent permanently and that such floodings constitute the taking of their property for public use without compensation. Appellees further allege that appellant was negligent in several respects in the planning, design and construction of the bridge and approaches thereto and that each was a proximate cause of the damage to their lands for agricultural and cattle raising purposes. Appellees attached to their petition and introduced into the record a copy of House Concurrent Resolution No. 54 (Tex.Laws 1977, H.C.R. No. 54, p. 3271) granting appellees permission to sue appellant for whatever relief they may be entitled to by reason of the construction of the new bridge. This Resolution contains no provision fixing venue other than that "the suit be tried as other civil suits."

Upon hearing the trial court entered its order sustaining appellant's exception to the portions of appellees' petition and controverting affidavit alleging acts of negligence proximately causing the claimed damages and ordered all such allegations stricken. The plea of privilege was overruled and venue sustained in Franklin County on the basis of Subdivision 14 of Article 1995.[1]

■ Appellant asserts that since House Concurrent Resolution No. 54 does not authorize appellees to maintain this suit in Franklin County, it must be transferred to Travis County, the domicile of the State of Texas for venue purposes. The basis for this assertion is found in *Gulf Coast Business Forms, Inc. v. Texas Employment Commission,* 498 S.W.2d 154 (Tex.1973); *Texas Highway Department v. Jarrell,* 379 S.W.2d 417 (Tex.Civ.App. Texarkana 1964, writ dism'd); and in *State v. Isbell,* 127 Tex. 399, 94 S.W.2d 423 (1936), wherein the court said: " . . . It is a rule of universal recognition that a state cannot be sued without its consent, and then only in the manner, place, and court or courts designated. . . . " It should here be noted that no exception set forth in Article 1995, Tex.Rev.Civ.Stat.Ann., was invoked in either of the relied upon authorities and there is no question here made of the power of the State to control venue of a permitted suit by so providing in the grant of authority. Appellant here contends that if the grant of authority is silent as to venue, Travis County, being the domicile of the State, has exclusive venue of the permitted suit irrespective of the venue exceptions contained in Article 1995. This Article, by Subdivision 30 thereof, specifically recognizes the power of the legislature to prescribe venue in actions authorized by it, but in failing to do so, as here, it does not follow that the other exceptions to Article 1995 are rendered inoperable. Here the legislature has not by its resolution fixed venue as it could have done, thereby leaving operative and controlling the provisions of Article 1995. Appellees by their controverting plea rely upon Subdivision 14 of Article 1995 to maintain venue in Franklin County and we hold that the exceptions to Article 1995 are available in a permitted suit against an agency of the State unless venue is expressly prescribed to be otherwise.

■ Appellant further contends that appellees' pleadings and proof are insufficient to sustain venue in Franklin County under Subdivision 14 of Article 1995 on the basis

---

1. "Suits for the recovery of lands or damages thereto, . . . must be brought in the county in which the land, or a part thereof, may lie."

that appellees' claims are for loss of income from land and not for damage to the land itself. In considering this contention, those portions of appellees' pleading relating to a negligence cause of action must be deleted and disregarded. After this has been done there remain allegations that the new bridge and the approach thereto obstruct, slow down and block the flow of water causing the water to back up onto appellees' lands higher and for a longer period of time than before the new bridge and approach were commenced and completed causing damage to their lands temporarily and to some extent permanently; that appellant's actions constitute a damaging of appellees' property for public use without adequate compensation and that appellees suffered actual damage to their lands. These allegations are deemed sufficient to show the nature of appellees' claims, and the location of the lands within Franklin County was proven and is not disputed.

In order to sustain venue in Franklin County appellees were required to prove only two venue facts. First, that the suit is one for the recovery of land or damage thereto and, second, that the land was situated in Franklin County. *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69 (1945); *Grogan-Cochran Lumber Co. v. McWhorter,* 4 S.W.2d 995 (Tex.Civ.App. Beaumont 1928, no writ); *Natural Gas Distributing Corporation v. Williams,* 292 S.W.2d 353 (Tex.Civ.App. Beaumont 1956, error dism'd); *Kendall Corporation v. Ruthstrom,* 467 S.W.2d 491 (Tex.Civ.App. Beaumont 1971, no writ); *Scott v. Whittaker Pipeline Constructors, Inc.,* 517 S.W.2d 406 (Tex.Civ.App. Austin 1974, no writ); *Noel v. Griffin & Brand of McAllen, Inc.,* 478 S.W.2d 633 (Tex.Civ.App. Corpus Christi 1972, no writ). Whether or not a suit is one for the recovery of lands or damages thereto is a matter to be determined by the allegations of the petition. *Cox v. Palacios,* 188 S.W.2d 688 (Tex.Civ.App. San Antonio 1945, no writ); *Kendall Corporation v. Ruthstrom,* supra; *McFarling v. Cavender,* 469 S.W.2d 478 (Tex.Civ.App. Beaumont 1971, no writ); *Cecil Ruby Company v. Jones,* 398 S.W.2d 337 (Tex.Civ.App. East-

land 1965, writ dism'd). Neither the amount of damages sustained nor appellant's responsibility therefor was a venue fact to be established by the evidence. *Piazza v. Phillips,* 153 Tex. 115, 264 S.W.2d 428 (1954); *Compton v. Elliott,* 126 Tex. 232, 83 S.W.2d 91 (1935); *Advanced Exploration Co. v. Spires,* 256 S.W.2d 247 (Tex. Civ.App. Eastland 1953, no writ); *Cecil Ruby Company v. Hollis Jones,* supra.

The order overruling the plea of privilege is affirmed.