H. B. ZACHARY, dba H. B.
Zachary Co., Appellant,

v.

William James CARSON, et
ux., Appellees.

No. 6846.

Court of Civil Appeals of Texas,
El Paso.

July 18, 1979.

Smith, Davis, Rose, Finley & Hofmann,
Richard W. Davis, Charles J. Wittenburg,
San Angelo, for appellant.

Cavender & Swanson, Stephen L. Swanson, Pasadena, for appellees.

## OPINION

OSBORN, Justice.

This appeal of an order overruling the Appellant's plea of privilege involves the question of whether a Tex.R.Civ.P. 93 denial of capacity in a plea of privilege requires proof of capacity in a Subdivision 14, Art. 1995, Tex.Rev.Civ.Stat.Ann. venue hearing. We hold that it does not, and affirm the judgment of the trial Court.

Appellees brought this suit for damages to their home, allegedly the result of blasting done during interstate highway road construction. Suit was filed against H. B. Zachary, individually and doing business as H. B. Zachary Co. Service was had on H. B. Zachary. No corporation was sued and no service was had upon any corporation as reflected by the record before this Court. From the record before us and statements made by counsel for Appellant during oral argument, it appears that the road construction work, including blasting operations, was performed by a corporation.

The Appellant filed a standard plea of privilege, stating that he was not a resident of the county in which the suit was instituted and that no venue exception existed. The amended plea of privilege also contained the following:

> Defendant avers, under Rule 93, Texas Rules of Civil Procedure, that he is not liable in the capacity in which he is sued, individually nor dba H. B. Zachary Co., in

neither such capacity performing road construction incident to Interstate 10 or on about the dates alleged in Plaintiffs' pleadings.

In their controverting affidavit, the Appellees relied on Subdivision 14 and did not address the capacity denial in the affidavit or at the plea of privilege hearing.

■ The venue facts which a plaintiff suing for damages to real property must establish under Subdivision 14 are (1) that the suit is for damages to real property; and (2) that the land or a part thereof is located in the county in which the plaintiff files the suit. *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69 (1945); *First National Bank of Yorktown v. Pickett,* 555 S.W.2d 547 (Tex.Civ.App.—Corpus Christi 1977, no writ). The Appellees testified that their home was in the county where the suit was filed, and that they were alleging damages done to their home which was located on this property. Their original petition was offered in evidence.

■ It is not necessary for a Subdivision 14 plaintiff to establish by extrinsic evidence that the defendant is prima facie liable for the damages. *Piazza v. Phillips,* 153 Tex. 115, 264 S.W.2d 428 (1974); 1 McDonald, Texas Civil Practice sec. 4.22.4 (1965). Stated differently, Subdivision 14 requires suit in the county of the land's situs without regard to the question of responsibility. Eubank, Pleading—Venue—Venue Facts That Must Be Proved Under Subdivision 14 of Article 1995, 32 Tex.L. Rev. 617 (1954); *Tennessee Gas & Transmission Co. v. Heard,* 190 S.W.2d 518 (Tex. Civ.App.—San Antonio 1945, no writ).

■ But it must be determined whether the filing of a sworn denial of capacity changes this law. We hold it does not. Capacity is not an element of a Subdivision 14 venue exception, and a defendant cannot add an additional element to this Subdivision simply by the use of a sworn denial of capacity or any of the other Rule 93 pleas. To require the Appellees to prove that the Appellant was the party responsible for the blasting would in essence require them to prove their cause of action, a burden much heavier than that contemplated by exception 14. See 32 Tex.L.Rev. 617 (1954) at 618. The Appellees' claim of damage to their property in the county where the suit was filed was sufficient to sustain venue under Subdivision 14 of the venue statute.

The judgment of the trial Court is affirmed.